SULLIVAN THAYER *versus* GEORGE K. JEWETT *&c al.*

The plaintiff received a note from J. & Co. as the consideration for the conveyance of certain land, the sale of which was procured by the fraud of the plaintiff. That note was put in suit, and the action was settled by paying a part thereof in cash, and by giving a draft for the balance, accepted by them and indorsed at their request by the defendants. Johnson & Co. sold and conveyed a part of the land to others, and made no conveyance thereof, or offer to convey, to the plaintiff. The plaintiff brought a suit against Johnson & Co. as acceptors of this draft, and recovered judgment against them, they then knowing the facts. The present suit was brought against the defendants as indorsers of the draft. *It was held,* that under such circumstances, the fraud of the plaintiff in the sale of the land furnished no sufficient ground of defence to this action.

ASSUMPSIT upon a draft drawn by one Nay on W. H. Johnson & Co. and accepted by them, payable to the order of G. K. Jewett & Co. and by them indorsed, dated Oct. 20, 1837, to be paid in three months from date at the Suffolk Bank in Boston.

This draft was given in part payment of a note, dated July 30, 1835, made by Johnson & Co. to the plaintiff in part payment of a tract of land sold to them at the same time by Thayer, the plaintiff. There was much testimony in the case, at the trial before TENNEY J. tending to show, that the sale of the land by Thayer to Johnson & Co. was procured by means of fraudulent representations made by him to them. Johnson & Co. had conveyed a part of the land to others, and had not reconveyed, or offered to reconvey, any part of it to the plaintiff. A suit was brought by Thayer against Johnson & Co. as acceptors of the draft declared on in this suit, and judgment was recovered against them. The first note from Johnson & Co. to Thayer had been sued and was paid by them in money, and by the draft new in suit. This draft was indorsed by the defendants at the request of Johnson & Co.

It was insisted by the counsel for the defendants, that the plaintiff was not entitled to recover in this action, because the note which was taken up partly by the draft in suit, was obtained by fraudulent representations for which the plaintiff was

responsible, or by a mistake of the parties so essential as to render the contract of no obligation.

The counsel for the plaintiff insisted, that before the defendants could ask for relief on the ground of fraud, they must first execute and tender a deed of the land to the plaintiff, and that not having done so, their defence on this ground had failed, and requested of the presiding Judge instructions to the jury to that effect.

The Judge instructed the jury as to what in law constituted fraud or mistake, to which instruction no objection was made; and also instructed them, that no deed, or tender of a deed of the land back to the plaintiff was necessary if the defendants had already paid the value of the land. The jury were directed, if they found for the defendants, to find whether it was on the ground of fraud in the sale of the land. The jury found for the defendants, and answered, that there was gross misrepresentation by the plaintiff.

The verdict was to be set aside, if the instructions were erroneous.

*J. A. Poor,* for the plaintiff, argued in support of the ground taken by him at the trial; and cited *Kimball* v. *Cunningham,* 4 Mass. R. 502; 12 Wheat. 183; *Irving* v. *Thomas,* 6 Shepl. 418; *Holbrook* v. *Burt,* 22 Pick. 546; 12 Conn. R. 234; 6 Paige, 254; 23 Wend. 260; 3 Johns. Ch. R. 23; ib. 400; 3 Wend. 236.

*J. Appleton,* for the defendants, contended that the instruction given by the Judge was correct; and cited *Harrington* v. *Stratton,* 22 Pick. 510; 13 Johns. R. 302; 1 Hill, 484; *Crocker* v. *Lewis,* 3 Sumn. 1; 23 Wend. 260; *Hazard* v. *Irwin,* 18 Pick. 95; *Whittier* v. *Vose,* 16 Maine R. 403; 1 Penn. R. 32; 4 Sergt. & R. 483; 1 Rawle, 171; 11 Sergt. & R. 305; 1 B. & Pul. 270; 2 Car. & P. 397; *Huntress* v. *Patten,* argued in Penobscot in 1841, not yet published, (20 Maine R. 28;) *Bean* v. *Herrick,* 3 Fairf. 262.

The opinion of the Court was drawn up by '

WHITMAN C. J. — This is an action on a draft, indorsed by the defendants. The defence set up is fraud. The plaintiff, in 1835, had authority to make sale of a certain tract of land ; and, by the finding of the jury, it seems, he was guilty of gross misrepresentation as to the quantity of timber on it, at the time of the sale, to Messrs. W. H. Johnson & Co. of whom he obtained a note of hand, payable in two years, in part for the consideration, which note, when at maturity he put in suit against them, and they settled the action by paying part of the amount due on the note ; and by giving this draft, they being acceptors, for the balance, payable in three months from its date ; on which it appears that judgment in a suit thereon has, since it fell due, been rendered against Johnson & Co.

The question now is, can the defendants, who were strangers to the original transaction out of which the draft ultimately originated, and who appear in the character of indorsers on the draft, by way of becoming sureties for Johnson & Co. be allowed to avail themselves of this defence ? There was no pretence of fraud as between them and the plaintiff. Johnson & Co. who are alleged to have been defrauded, appear, in the course of the year after they had purchased the land, to have possessed themselves of full knowledge of the true state of it ; and it was for them to repudiate the purchase, if any good cause existed for their doing so. Yet it does not appear that they were not content with the negotiation. No notice of any discontent appears ever to have been given by them to the plaintiff; and it would seem that they have never seriously resisted payment of the notes, originally given for the consideration ; but on the contrary, two years or more after the purchase, with full knowledge of the value of it, when the note, out of which the draft originated, became due, voluntarily paid nearly one half of it, and gave this draft for the balance ; and have suffered themselves to be sued, and judgment to be rendered against them upon it. It would seem to be for the party injured by the supposed fraud to take advantage of it, and not

for strangers, wholly disconnected with it. Johnson & Co. have, moreover, retained the land, and sold considerable portions of it to different individuals ; and have never, so far as appears, rescinded, or offered to rescind the contract of sale. It is believed that no case can be found in which a defence, like the one here set up, and similarly circumstanced, has been sustained. The defendants, if they should pay this debt, unless they have improvidently and voluntarily done some act to prevent it, will have their remedy over against Johnson & Co. and therefore cannot be essentially injured by a recovery in this action.

*Verdict set aside and a new trial granted.*