The town of UNION *against* CRAWFORD :

**IN ERROR.**

An individual inhabitant of a town, being of course a party to a suit brought against the town, has a right to appear and defend in such suit.

A record which shows, that a certain individual is a select-man of the town, shows, with sufficient certainty, that he is an inhabitant of that town.

The select-men of a town, by virtue of their general powers as select-men, and without the delegation of any special authority for the purpose, have a right to prosecute and defend suits to which their town is a party.

*John Crawford* brought an action of *assumpsit*, before a justice of the peace, against the town of *Union*, to recover for a coffin, furnished by him for one *Cynthia Weld*, the deceased wife of *Harrison Weld*, a resident of that town, and a person poor and destitute of property.

*Samuel W. Moore*, one of the select-men of the town, appeared before the justice, and, as such select-man, pleaded, that the defendants *never assumed and promised.* To this plea, the plaintiff demurred specially, assigning for cause, that the defendants had not otherwise appeared and defended, than by one of their select-men merely, as such, and not by an agent or attorney. To this, the defendants, by *Moore*, as

*Tolland,*
August, 1848.

Union
*v.*
Crawford.

their select-man, replied, that he had a right to appear and defend.

The justice decided, that he had no such right, and was not legally qualified to appear and defend, and thereupon rendered judgment in favour of the plaintiff, for the amount of his demand,—for default of appearance on the part of the defendants.

To reverse that judgment the defendants brought their writ of error in the superior court ; and the case was reserved for the advice of this court.

*Waldo,* for the plaintiffs in error, contended, 1. That *Moore,* by virtue of his office of select-man, had a right to appear in the suit and defend, in behalf of the town. In the first place, a corporation aggregate is incapable of a personal appearance, and if it appear at all, must necessarily appear by its agent. 1 *Chitt. Plead.* 530. 1 *Sw. Dig.* 72. Secondly, the select-men are, by virtue of their office, agents of the town. They are appointed to do the business of the town and manage its affairs. *Stat.* 458. *s.* 8. (rev. 1821.) This is the very definition of an agent or attorney. 3 *Bla. Com.* 25. At the revision in 1821, the powers of select-men were enlarged ; and they were not only authorized to superintend the concerns of the town, but to adjust and settle all accounts against it, and to draw orders on the treasurer for their payment ; to keep an account of all the expenditures of the town, &c. Now, a power to do an act, confers, of course, an authority to do all that is necessary for the performance of that act. *Trueman* & al. v. *Loder,* 11 *Ad. & Ell.* 589. (39 *E. C. L.* 178.) *Richardson* v. *Anderson,* 1 *Campb.* 43. r. *Buckland* v. *Conway,* 16 *Mass. R.* 396. *Middlebury College* v. *Loomis'* admrs. 1 *Verm. R.* 189.

2. That if *Moore* could not appear *virtute officii,* he should have been permitted to appear as an inhabitant of the town of *Union.* He was a party to the suit : he had been summoned to appear and answer. *Beardsley* v. *Smith,* 16 *Conn. R.* 368. *Rumford School District* v. *Wood,* 13 *Mass. R.* 193. *Brewer* v. *New-Gloucester,* 14 *Mass. R.* 216.

3. That the judgment is erroneous, because it does not follow the issue. 1 *Sw. Dig.* 783.

*Tolland,*
August, 1848.

Union
*v.*
Crawford.

*A. Willey,* for the defendant in error, contended, 1. That a town, if sued, can appear and defend, only by its agent, specially appointed and authorized, with reference either to the particular suit in question, or to all suits brought against the town, during the continuance of the agency. In support of this position, the following authorities were referred to and commented on. *Stat.* 188. 649. *s.* 3. (ed. 1808.) *Stat.* 131. 458. *s.* 8. (rev. 1821.) *Hollister* v. *White,* 2 *Conn. R.* 338. *Griswold* v. *North-Stonington,* 5 *Conn. R.* 367. *Leavenworth* v. *Kingsbury,* 2 *Day,* 323. *Spencer* v. *Overton,* 1 *Day,* 183. 1 *Sw. Dig.* 71, 2.

2. That the record, in this case, does not show, that *Moore* was an inhabitant of the town of *Union ;* and consequently, the right claimed by him, in his individual capacity, is groundless.

3. That if his inhabitancy and his eventual liability for the judgment to be recovered, were conceded, it would not follow that he had a right to interfere in the defence. Whatever interest individual inhabitants may have, it is the *town* that is summoned to appear and answer ; and the town alone, in the proper way, can act in the matter.

WAITE, J. The principal question presented upon the record, is, whether the justice erred in refusing to permit a select-man of the town to appear, in behalf of the town, and defend in the suit, and in rendering judgment against the town, for default of appearance, after he had appeared and presented a plea. The pleadings and judgment are very irregular and informal. But aside from any technical objections, as to the form, it appears that the question, as to the right of the select-man to appear and defend in the cause, was made by the parties, and decided by the court.

It seems now to be well settled in this state, that the inhabitants of towns, and other *quasi* corporations, are parties individually, as well as in their corporate capacity, to all actions in which the corporation is a party. *Beardsley* v. *Smith,* 16 *Conn. R.* 380. *McCloud* v. *Selby,* 10 *Conn. R.* 390.

A judgment against a town, is a judgment against the inhabitants of the town ; and the execution may be levied upon the private property of any one of them, at the election of the creditor. As a necessary consequence of such liability, every

inhabitant of a town has a right to appear and defend against any claim made upon the town in an action at law.

*Moore*, therefore, as an inhabitant of the town of *Union*, had a legal right to appear before the justice, in his private and individual capacity, and plead to the action. And had the justice, under such circumstances excluded him, and rendered judgment against the town, for default of appearance, such proceeding would clearly be erroneous ; and if the matter were properly presented upon the record, the judgment would be reversed, upon writ of error.

But *Moore*, being a select-man of the town, and such he is admitted upon the record to have been, must necessarily have been one of its inhabitants. If duly chosen to that office, and he had refused to serve, he would have been liable to a penalty—a liability which can be imposed by a town, upon none but an inhabitant of the town. Besides, the statute provides, that if the office shall become vacant, by the refusal, death, or *removal* of the person appointed, the town may appoint another to supply the place. *Stat.* 622. § 5. (ed. 1838.) The removal here referred to, must necessarily mean a removal from the town ; for no provision is made for any other.

The same construction has been given to the statute of *Massachusetts*, which, in this particular, appears to be very similar to ours. And it has there been holden, that town officers must be inhabitants of the town, in which they are chosen ; and when they cease to be such inhabitants, they cease to be officers. *Barre* v. *Greenwich*, 1 *Pick.* 129.

*Moore's* right to appear in the suit is sufficiently apparent upon the record. The admission that he was a select-man of the town, is a virtual admission that he was also an inhabitant. And whether he described himself in the one character or the other, can make no difference as to his right to appear. As a select-man, he was undoubtedly clothed with greater powers in relation to the concerns of the town, than he possessed simply as an individual. But that circumstance can have no effect to impair his rights in the latter character. As a select-man, he could do all that he was authorized to do as an individual inhabitant of the town.

In this view of the case, therefore, we think the decision of the justice erroneous, and that the judgment ought to be reversed.

We have said, that the question already considered, is presented upon the record, in an irregular and informal manner; but we refrain from any remarks in relation to matters of form, because a consideration of them will not present the case in a manner more favourable to the defendant in error; and we have preferred to consider the question upon its merits.

*Tolland,* August, 1848.

Union *v.* Crawford.

It is perhaps unnecessary for us to go farther, for the purpose of making a final disposition of the present case. But another question, by no means free from difficulty, has been made, by counsel, and by them chiefly relied upon in the argument. As it is one of great practical importance, and the one upon which, it is said, the case turned, in the court below, we have felt it to be our duty, not to refrain from an expression of opinion upon that also.

The question is, whether select-men, as such, and by virtue of their general powers, have a right to prosecute and defend suits in which their town is a party. The statute provides, that " it shall be their duty *to superintend the concerns of the town*, to adjust and settle all accounts against the same, and to draw orders upon the treasurer for their payment." *Stat. tit.* Towns. *s.* 8. They are also made the overseers of the poor, and are required to furnish necessaries for all the paupers of the town.

Now, if a suit in which a town is a party, is one of the concerns of that town, it falls literally under the superintendence of the select-men. They alone have power to adjust and settle the matter in controversy. They alone are authorized to draw an order upon the treasurer for the payment of whatever sum may be found due upon such settlement.

In the present case, the suit was brought to recover a demand for necessaries provided for a poor person of the town. It was for the select-men to say, whether the demand was just and legal, and if so, to cause it to be paid. If they found it to be unjust and illegal, it was equally their duty to reject it. And having discharged their duty, by rejecting this claim, why was it not also their duty, to see that the interests of the town were protected, in case a suit was brought to enforce the payment, contrary to their opinion of its legality?

But it is said, that the statute authorizes towns to appear, by themselves, their agents, and attorneys, and they can ap-

pear in no other manner, either by statute or the common law. This is undoubtedly true. But the select-men, in superintending the concerns of the town, in settling and adjusting claims, and in drawing orders for payment, act but as the agents of the town. And if the prosecution or defence of a suit falls within the scope of their authority, in performing that duty, they also act as the agents of the town. And when they appear as select-men, their agency is as apparent, as when they subscribe an order on the treasurer, in their official character.

But further, the statute prescribing the mode of serving process upon a town, directs it to be done, by leaving a copy with the clerk, or one of the select-men. So far as service, by leaving a copy with the clerk is concerned, the statute applies alike to all communities and corporations. It is his duty to keep the records and documents belonging to the corporation.

But why leave a copy with a select-man, unless the law has made it his duty to attend to the suit ? If none but an agent or attorney is allowed to appear, why not authorize service to be made, by leaving a copy with him ? If the suit is a matter which comes under his superintendence and care, then it is very proper that notice should be given to him of its pendency.

Again, it has been said, that the superior court has frequently decided, that select-men, as such, have no power to prosecute or defend suits in which the town is a party ; and that this can be done only by agents specially appointed for that purpose. *Leavenworth* v. *Kingsbury,* 2 *Day's R.* 326. When that remark was made, the language of our statute in relation to the powers and duties of select-men, was very different from that of the present. Then, they were appointed " to take care of and order the prudential affairs of their town." *Stat.* 649. *tit.* Towns. *c.* 1. *s.* 3. (ed 1808.) The statute, as revised in 1821, makes it their duty *to superintend the concerns* of the town," thus conferring upon them power, in very general and comprehensive terms.

But whatever may have formerly been decided, by the superior court, it does not appear, that any such decision has received the sanction of this court ; and we are therefore at liberty to dispose of the question upon principle, unless there

has been such a practice as to furnish evidence that the law upon this subject has been considered as settled.

*Tolland,*
August, 1848.

Union
*v.*
Crawford.

We are however aware of no such practice. In many instances, agents have been appointed by towns, for the management of their suits. In other instances, the care of them has devolved entirely upon the select-men. In all cases, we believe, the practice has been for agents, when appointed, to act under the direction of the select-men.

The select-men determine when a suit shall be commenced, and how far prosecuted, and when a suit shall be defended, at the expense of the town, unless they think proper to call upon the town for advice or instruction. And the agent, in the management of the suit, generally acts in conformity with their directions.

It is generally more convenient for a suit to be conducted, by a single agent or attorney, or at most by two, rather than by a board of select-men, consisting of a number of persons; and hence the propriety of authorizing such appointments. But we do not consider them indispensable for the protection of the interests of the town. Had the legislature so considered the subject, they would have required the appointments to be made. The statute enumerates a great number of officers, which the towns are required annually to appoint; but neither agents nor attorneys are embraced in the enumeration.

Towns, by another statute, are authorized to make such appointments; but that provision was introduced first at the revision in 1821. And when we consider the many suits, to which a town is exposed, in relation to its bridges, its highways, and its paupers, it can hardly be supposed, that the legislature should have intended to have left them without agents, at all times empowered to defend the rights of the town.

Upon the whole, therefore, we are inclined to think, although not without some hesitation, that select-men, under the general authority given them to superintend the concerns of their town, have a right to appear as such in suits in which the town is a party, and prosecute or defend, as the case may require; but that towns have the right, at their pleasure, to appoint agents or attorneys to take the immediate charge of their legal proceedings.

*Tolland,*
August, 1848.

Union
*v.*
Crawford.

As there is no evidence in this case, that there was any agent or attorney of the town of *Union*, specially authorized to appear in the suit under consideration, we think the selectmen, as the general agents of the town, had the right to appear.

In this opinion the other Judges concurred.

Judgment reversed.