FRANKLIN KINNE AND ANOTHER vs. THE TOWN OF NEW HAVEN.
SAME vs. THE TOWN OF EAST HAVEN.

The plaintiffs agreed with a town to build piers for a bridge, to be completed before a certain time. They failed to complete the work within the time agreed, by reason of which individual inhabitants of the town, who had occasion to use the bridge, were subjected to considerable private expense and inconvenience. Held that, in a suit brought against the town for the price of the work, the defendants could not recoup the damages sustained by these individuals.
A defendant can not recoup any damages for which he would not have been able to sustain an independent suit.

THESE were two separate actions of general assumpsit, one against the town of New Haven and the other against the town of East Haven, for work done under similar contracts, in building piers for a bridge across the Quinnipiac river, at Fair Haven village, which river separates the two towns. By agreement the cases were tried together in the superior court, on an issue closed to the court, and one finding of facts made for both, and both reserved together upon the facts so found for the advice of this court.

The defendants claimed that the work was not completed within the time stipulated by the contracts, and claimed the right to recoup certain damages sustained by individual citizens of the respective towns by reason of the delay in the completion of the work.

The court found that the plaintiffs did not complete the work until the first day of September, 1861, while by the contracts they were bound to complete it on or before the first day of August, 1861, and that in consequence thereof the defendants were prevented during the intervening time from going on to complete the bridge and open it for public travel. The court also found that such of the citizens of each of the defendant towns as had occasion to cross Quinnipiac river at Fair Haven village during this time, suffered, individually and in their private capacity, damages by reason of the fact that no free bridge was open for public travel across the river, in being delayed in crossing the river, and thereby hindered in the

transaction of their private business, and in being compelled to pay tolls to the owners of a private temporary bridge across the river near the same point, which damages, in the case of the citizens of New Haven, amounted in the whole to more than the sum due from that town to the plaintiffs, and in the case of the citizens of East Haven, to more than the amount due from that town to the plaintiffs. Neither of the towns made any claim for damages suffered by either of them in their corporate capacity, nor for damages of any other kind than those stated. The plaintiffs claimed that the defendants had proved no damages which they could offset or recoup against the plaintiffs' claims in these actions. The court found that the amount due to the plaintiffs from the town of New Haven was $326.24, and from the town of East Haven $173.76.

*Harrison* and *S. E. Baldwin* for the plaintiffs.

The plaintiffs, having done the stipulated work, of which the defendants have taken the benefit, are entitled, notwithstanding the month's delay, to recover the stipulated price, unless the defendants have proved, (as a partial or complete bar to their claim,) actionable damage, of which the law can take notice, sustained by the defendants themselves. No such damage has been proved. In the nature of the case it was possible for the defendants, in various ways, to sustain, in their corporate capacity, such damage. The contract was made by the defendants as a corporation; they defend as a corporation in a suit brought against them as a corporation; and if they abate any part of the plaintiffs' claim, the part so abated will go into their corporate treasury. They can not be compelled to distribute it among the third persons injured by the delay. If the plaintiffs are liable to any body for injury caused by the delay they are liable to the persons injured, and to the extent to which each person has been injured, and to nobody else. This claim of the defendants is in the nature of a set-off. Could a debt due from the plaintiffs to an inhabitant of the town have been set off in this suit? If such inhabitant were, in the sense suggested by the defendants, a party to this suit, such a debt could be set off in this suit. *Hamlin* v. *Great*

*Northern Railway Co.,* 38 Eng. L. & Eq., 335; *Fish* v. *Dodge,* 11 Am. Law Reg., 507; *Denton* v. *Jackson,* 3 Johns. Cas., 320; 2 Parsons on Cont., 458, 459, note; *O'Brien* v. *Norwich & Worcester R. R. Co.,* 17 Conn., 372; *Chidsey* v. *Town of Canton,* id., 475; *Seeley* v. *Bishop,* 19 id., 135.

*C. Ives* and *Alling,* for the defendants.

1. The plaintiffs, having broken their contract, have no right to demand, nor in their writ do they seek to recover, the full contract price, but only so much as their services and materials furnished are reasonably worth. And the defendants insist upon their right to recoup the damages suffered by their citizens, because, by the amount of those damages, the services and materials of the plaintiffs are worth so much less than they would have been had the contract been promptly performed. 2 Parsons on Cont., 33, 35, 246; *Avery* v. *Brown,* 31 Conn., 398.

2. The plaintiffs claim that, notwithstanding their breach of contract, their services and materials were worth the full contract price to the defendants, because the towns, being corporate bodies, and sued as such, were not affected by damages suffered by their individual members, although such damages were the direct result of the plaintiffs' breach of contract. But towns and other municipal bodies are not strict, but only quasi-corporations, and whenever they are sued the law assumes that each individual member appears in court not only in his corporate, but also in his individual and personal capacity, as a party in such suits, and declares his private property liable to respond to all judgments obtained against such corporations. *Fourth School District* v. *Wood,* 13 Mass., 192; Angell & Ames on Corp., Ch. 1, § 3, Ch. 17, § 8; 2 Kent Com., 274; 1 Greenl. on Ev., § 175, 331; *The King* v. *Inhabitants of Woburn,* 10 East, 395; *The King* v. *Inhabitants of Hardwick,* 11 id., 578; *The King* v. *Inhabitants of Whitley Lower,* 1 Maule & Sel., 636; *Attorney General* v. *Corporation of Exeter,* 3 Cond. Eng. Ch. Cas., 26; *Adams* v. *Wiscasset Bank,* 1 Greenl., 361; *Fernald* v. *Lewis,* 6 id., 264; *Riddle* v. *Proprietors on Merrimack River,* 7 Mass

187; *Hawks* v. *Kennebeck,* id., 462; *Brewer* v. *New Glou-cester,* 14 id., 216; *Merchants Bank* v. *Cook,* 4 Pick., 414; *Chase* v. *Merrimack Bank,* 19 id., 568; *Keith* v. *Congregational Parish in Easton,* 21 id., 262; *Gaskill* v. *Dudley,* 6 Met., 550; 1 Swift Digest, 72; *Beers* v. *Botsford,* 3 Day, 159; *Barkhamsted* v. *Parsons,* 3 Conn., 1; *Atwater* v. *Woodbridge,* 6 id., 228; *McLoud* v. *Selby,* 10 id., 390; *Beardsley* v. *Smith,* 16 id., 368; *Union* v. *Crawford,* 19 id., 331 Act of 1849, comp. 1854, p. 65.

3. Even if the towns are strictly corporate bodies, they are so, not for their own benefit, in their ideal corporate capacity, but for the benefit of their citizens, of whom they are the representatives and agents. And by virtue of this relation to their citizens they entered into the contract with the plaintiffs. If, therefore, they were empowered, by virtue of the public benefit, to make this contract with the plaintiffs, they have an equal authority to set up the public loss, arising from the plaintiffs' breach of contract, in the reduction of the claims of the plaintiffs. The power to make contracts for the public benefit embraces the power to recover for damages for the breaches thereof by the other contracting party.

4. If judgment be rendered for the plaintiffs there will be a failure of justice. It is found that there has been a breach of the contract, and that in consequence thereof damages have been suffered by the inhabitants of the towns to an amount greater than the claims of the plaintiffs. Now, if the plaintiffs have judgment, the defendant towns, not having been able to recoup damages for the breach of the contract in this suit, will not, for like reasons, be able to sue the plaintiffs therefor in a new and independent action. Nor will the citizens, individually, be able to sue the plaintiffs, because (1) it would produce an infinite multiplicity of suits, and (2) because there would be no privity of contract between them and the plaintiffs, and therefore no ground of action. Nor can the citizens individually sue the towns, by reason of the same multiplicity of suits, and because the towns have not been remiss in their corporate duty. *Brooks* v. *City of Boston,* 19 Pick., 174.

PARK, J. The controversy in these cases is in regard to the defendants' right to recoup in damages the expenses that certain inhabitants of each of the defendant towns were subjected to, in consequence of the non-fulfillment of the contracts by the plaintiffs within the time stipulated therein.

The plaintiffs made a contract with each of the defendant towns for the removal of certain old piers from the Quinnipiac river and the erection of new ones for the support of a bridge across the stream. They agreed to complete the work within a specified time. They failed to do so. The defendants refused to pay in full the contract price and hence these suits were brought to recover the balance. Had the defendants suffered loss in their corporate capacity by reason of the delay in the completion of the work, they would have the right to reduce the plaintiffs' claim by the amount of such loss. But the defendants do not claim that they have suffered damage in their corporate capacity ; they only claim that some of the inhabitants of the respective towns had occasion to cross the river on private business, during the time the plaintiffs were in fault, and were compelled to pay sums of money as toll to the owners of a private bridge across the stream, and they seek to reduce the plaintiffs' claim by the amount thus expended.

It is well settled that the damages which a defendant seeks to recoup must not only grow out of the same transaction on which a plaintiff brings his suit, but must be such as the defendant would have had the right to sue for and recover in an independent action against the plaintiff; for in cases of this kind two actions are really combined in one ; each party is plaintiff in respect to his own particular grievance, and each party is defendant in respect to the grievance of the other. *Avery* v. *Brown*, 31 Conn., 402; 2 Parsons on Contracts, 246. Now could the defendants sustain an action in their corporate capacity against the plaintiffs for the injury thus sustained by their citizens ? If they could, the damages would go into the treasury of the towns, and the judgment would be a bar to the claims of those citizens, if any claims exist. If they could, it is not easy to see why the defendants might not sustain an action for any debt belonging to any citizen; or, if sued, set

off such debt if owed by the plaintiff and the action would admit of such defense. Such proceedings are unheard of in courts of justice. If those citizens have a right of action for the loss sustained, they can not be deprived of such right by any action of the towns.

The defendants' claim is based upon the ground that all the inhabitants of a town are individually defendants in a suit against the town. This is undoubtedly true to a certain extent. Every inhabitant has a right to appear and defend in a suit against the town, and this arises from the fact that should judgment be recovered his individual property would be liable to pay the judgment in the first instance, and his just proportion thereof at all events. *Town of Union* v. *Crawford*, 19 Conn., 331. But in other respects they have never been regarded as defendants. They were considered as competent witnesses in actions brought by or against the town when parties to suits could not testify. Their confessions and admissions were never received as evidence against the town. *Fuller* v. *Hampton*, 5 Conn., 417 ; *McLoud* v. *Selby*, 10 id., 390 ; *Beardsley* v. *Smith*, 16 id., 368. But in order that towns may be compelled to do their duty, and pay judgments when recovered against them, they are regarded as defendants. Towns generally have no corporate property, and unless they were so considered many town liabilities could not be collected, for execution can only issue against the property of a defendant in the suit.

On the whole we are satisfied that the defendants have no right to reduce the plaintiffs' claim by the damages their citizens have sustained.

We have not considered the question whether these citizens have any causes of action against the plaintiffs, as a decision of the question is unnecessary.

We advise the superior court to render judgment for the full amount of the plaintiffs' claim in each case.

In this opinion the other judges concurred.