TOWN OF VERNON *vs.* WEST SCHOOL DISTRICT OF VERNON.

The plaintiff paid to the treasurer of the defendant, a school district, on an or-
der signed by a school visitor and selectman, the sum of $506.31, being the
amount of school money due from the plaintiff to the defendant for the cur-
rent year.  On the next day another order for the same amount was drawn
on the plaintiff, payable to the defendant or order, and signed by a selectman
only, which on the next day was delivered to a bank and credited to the de-
fendant, making, with other funds of the defendant on deposit in the bank
the sum of $600.  The bank on the same day charged to the defendant a note
for $575 drawn by its treasurer, which was held by the bank but not then due.
The last order was afterwards, without authority, indorsed by a clerk in the
bank for collection, and paid by the plaintiff to the bank.  The defendant's
treasurer had no knowledge of the existence of the second order until after it
was paid to the bank.

An action for money had and received was brought by the selectmen of the plain-
tiff, without other authority than such as was vested in them by virtue of
their office, returnable on the second Tuesday of April, 1870, when the parties
appeared and an auditor was appointed.  On the trial before the auditor in
July, 1870, the defendant for the first time objected that the selectmen had no
authority to prosecute the action.

Held, 1.  That the objection came too late, and must be considered as waived.
     2.  That the plaintiff was entitled to recover.

ASSUMPSIT for money had and received ; brought to the Su-
perior Court in Tolland county, facts found by an auditor,
and judgment for the plaintiff.  Motion in error by the de-
fendant.  The case is sufficiently stated in the opinion.

*F. Chamberlin,* for the plaintiff in error.

*Hyde* and *Marcy,* for the defendant in error.

FOSTER, J.  The first question raised on this motion is
whether the selectmen of the town had a right to commence
this suit, they having had no authority to do so, other than
such as was vested in them by virtue of their office, except
that they were advised to it by a special committee appointed
by the town to audit the accounts subsisting between the town
and the district.

This action was brought to the Superior Court for the
county of Tolland, held at Tolland on the second Tuesday of
April, 1870.  The parties appeared ; no exception was taken
on the part of the defendants as to the appearance of the

plaintiffs, and no claim made that they were not lawfully be fore the court.   An auditor was duly appointed, and on the trial before him, in July, 1870, this objection was for the first time taken.

Judge WAITE, in giving the opinion of the court in *Union* v. *Crawford*, 19 Conn., 337, expresses the opinion with some hesitation, that selectmen, under the general authority given them to superintend the concerns of their towns, have a right to appear as such, and prosecute or defend suits, as the case may require.

Whether we regard this claim of the defendants as possess-ing much or little force, if made at the first appearance of the party in court, it is a sufficient answer now that it comes too late.   At this stage of the case we cannot entertain it, but must consider it waived.

The remaining question is whether the facts found by the auditor will support the judgment rendered below for the plaintiffs.

It appears that on the 23d of September, 1868, the town paid to the treasurer of the school district the sum of $506.31, on an order drawn on the treasurer of the town, signed by a school visitor and a selectman.   This was the amount of school money due and payable from the town to the district for the then current year.   On the 24th of September, 1868, another order for the same sum was drawn on the treasurer of the town, payable to said district, or order, and signed by a selectman, but not signed by a school visitor.   This order was delivered to the Rockville National Bank on the 25th of September, 1868, and credited to the defendants, and that, with other funds of the district on deposit in the bank, ex-ceeded the sum of $600.   On or about the same day the bank charged to the district a note for the sum of $575, made by the treasurer of the district, and discounted by the bank and there payable, but not then due.   This last mentioned order was afterwards indorsed by a clerk in the bank, without au-thority, for the purpose of collecting said order on behalf of said bank, and the order so indorsed was paid by the town treasurer to said bank.

The money received by the district treasurer on the first order was carried by him to the bank on the day it was received, September 23d, for the purpose of prepaying the note of $575 ; and the treasurer testified before the auditor that he left the money at the bank after bank hours on that day ; but, in the words of the auditor, " whether he did so ' or not is a fact in respect to which I intend to make no finding." It further appears that the treasurer of the district had no knowledge of the existence of the second order until some months · after it was paid at the bank, and the district and the treasurer claimed before the auditor, that their note at the bank was paid with the proceeds of the first order and other money of theirs in the bank.

Some of the above facts are certainly of a peculiar, if not strange character. The payment of the first order apparently adjusted and settled all matters between the town and district for the current year, so far as matters of school money were concerned. Why another order for precisely the same sum should immediately after the payment of the first be drawn, drawn apparently without authority, agreed to have been indorsed without authority, and paid by the town, was not explained by testimony before the auditor, and of course must remain a mystery to us. We are not permitted to make inquiries as to facts, or indulge in conjectures, but are required to decide upon what is before us.

The record shows that this town has made payments of two sums of money of $506.31 each, on orders connected with this school district. They were under obligation to pay one, and only one. The district disclaim any connection with, or knowledge of the last order or its payment, but the auditor finds that this order was applied in payment of a note of the district, which, though not due, the treasurer had expressly directed to be paid at once. The defendants then have had and received the plaintiffs' money, and the facts found warrant the judgment below.

A new trial is denied.

In this opinion the other judges concurred.