CHARLES H. NICHOLS *vs.* THE CITY OF ANSONIA.

Third Judicial District, New Haven, June Term, 1908.
BALDWIN, C J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Under our practice any taxpaying citizen of a municipality is entitled to be heard in a suit against it which may involve the seizure and sale of his property on execution in order to satisfy an adverse judgment; and therefore it cannot be said that an appeal to this court, taken by such a taxpayer who has been allowed to appear as an interested party in the court below and to file and perfect his appeal, is upon the face of the record so manifestly outside of the jurisdiction of this court as to require us to dismiss it on motion.

The courts of this State take judicial notice of its city charters.

A city charter provided that the corporation counsel should be the legal adviser of the city and of its departments, and should represent it in all civil actions in any court wherein the city was interested, except as otherwise provided. *Held* that in the absence of any limitation or modification by the board of aldermen, or otherwise, of his power and duty, the corporation counsel was entitled to determine whether the city would defend an action or not, and that the trial court was fully justified in accepting and acting upon his statement that the city had no defense in the present case and would not attempt to make one, and in rendering judgment for the plaintiff accordingly.

A clause in the defendant's charter authorized the mayor to employ additional counsel to assist the corporation counsel in the trial of any case in which the city was a party, whenever in his judgment the interests of the city demanded such action. *Held* that the purpose of this provision was to invest the mayor with control of the expenditures for assistant counsel, and not to clothe him with the power, possessed only by the city, to override or supersede the corporation counsel in the exercise of his charter rights and duties.

Argued June 11th—decided August 3d, 1908.

ACTION to recover for services rendered as a civil engineer, brought to the Court of Common Pleas in New Haven County where the court, *Wolfe, J.*, upon the defendant's failure to satisfy it that a bona fide defense would be made,

and upon its neglect to file an answer, rendered judgment for the plaintiff, from which Stephen Charters, a citizen and taxpayer of the defendant city who had entered an appearance for the defendant, appealed. *No error.*

In this court the plaintiff moved to dismiss the appeal. *Motion denied.*

It appears from the printed record that in the latter part of the year 1906 the plaintiff, a civil engineer, rendered services for the defendant city under an agreement with Alton B. Farrel, then mayor of Ansonia, made under a vote of the city board of aldermen which, it was claimed, authorized such employment. January 3d, 1907, the plaintiff presented to the city his bill for the services so rendered, amounting to $684.50. January 14th, 1907, the board of aldermen of said city approved said bill and ordered its payment. Upon the passage of said order the city clerk drew a check for the amount so due the plaintiff and presented it to the mayor (the mayor then being Stephen Charters) to be countersigned by him, as provided by the city charter, but the mayor refused to countersign the same. Thereafter, on May 23d, 1907, the plaintiff commenced this action, returnable to the Court of Common Pleas on June 4th. Robert L. Munger, as corporation counsel, duly entered an appearance and represented the city in the action. June 14th the court heard a motion, made by the plaintiff, for a disclosure of defense and for judgment in said cause. At this hearing the plaintiff, the corporation counsel, and Messrs. Walsh and McCarthy, who had entered an appearance as attorneys for the defendant, appeared. The corporation counsel stated that the city had no defense to the action. Messrs. Walsh and McCarthy stated that they had been appointed by Mayor Charters to appear, and that the city had a defense. The court, without then passing upon the question of authority to represent the defendant, ordered that the defendant, if it had an answer in the cause, should file the

same by June 18th. The subsequent hearing and interlocutory proceedings are referred to in the opinion. January 13th, 1908, the court decided that the corporation counsel represented the city for the purpose of determining whether the city would or would not make a defense, that he having stated that in his judgment the city had no defense and having failed to file an answer, his action was that of the defendant, and directed that a paper filed with the clerk, signed by Messrs. Walsh and McCarthy as attorneys for the defendant, and purporting to be the answer of the defendant, be struck from the files. January 24th, judgment was rendered for the plaintiff. Prior to the judgment Stephen Charters notified the clerk that in the capacity of taxpayer and citizen of Ansonia he entered his appearance for the defendant. The court allowed Charters to take this appeal.

The main reason of appeal assigned is the alleged error of the court in ruling and deciding that Messrs. Walsh and McCarthy had no authority from the city to conduct a defense on its behalf against the judgment and in opposition to the action of the corporation counsel, and that the paper filed by them with the clerk was not the answer of the defendant. At the opening of this court the plaintiff moved that the appeal be dismissed.

*Denis T. Walsh*, for the appellant (Stephen Charters, a citizen and taxpayer of the city of Ansonia).

*Edmund Zacher*, for the appellee (plaintiff).

HAMERSLEY, J. Did the trial court err in recognizing Robert L. Munger, the corporation counsel of the defendant city, as the authorized agent and attorney of the defendant for determining whether or not the defendant should file an answer to the complaint and attempt to make a defense to the action, and in refusing to recognize

Messrs. Walsh and McCarthy, attorneys, as having any authority from the defendant by which they were entitled, as its agents and attorneys, to supersede the authority of its corporation counsel, or by filing an answer without his consent, against his directions, and for the purpose of nullifying his action in the conduct of the cause, to commit the defendant to an attempted defense of the action? This is the only real question presented by the appeal.

The plaintiff has raised a preliminary question by his motion to dismiss the appeal for want of jurisdiction apparent on the face of the record. The two questions are somewhat related and were argued at the same time. The arrangement of the printed record and the peculiar nature of the question involved in the interlocutory ruling of the court, as well as the unprecedented application to an interlocutory motion of the rules regulating pleadings, stating the cause of action and defenses thereto, renders it difficult to treat separately the questions raised by the appeal and by the motion to dismiss.

There were no pleadings in this action except the complaint and bill of particulars; this appears from the judgment-file, which is as follows: "This action, by writ and complaint, claiming $800 damages as on file, was duly served on the defendant as appears by the officer's return indorsed thereon, and came to this court on the first Tuesday of June, 1907, when the plaintiff appeared, and thence by continuance to the present time when the plaintiff appeared, but the defendant stated that it had no defense thereto. The court having heard the plaintiff finds that he has sustained damages, as alleged in his complaint, to the amount of $726.59 damages. Whereupon it is adjudged that the plaintiff recover of the defendant $726\frac{59}{100}$ dollars damages and its costs taxed at $73.06."

The action was returned to court June 4th, 1907. The judgment was rendered January 24th, 1908. Between these dates the court gave the contending attorneys an

opportunity to be heard as to who represented the defendant in court for the purpose of determining whether the defendant would make a defense or not, and decided that the defendant was represented for this purpose by its corporation counsel and not by Messrs. Walsh and McCarthy, attorneys. The course of this hearing may be briefly stated, according to its legal substance, as follows: Prior to June 14th, 1907, the plaintiff, in pursuance of the rules of court (Practice Book, 1908, p. 225, § 73), moved that the attorney for the defendant be required to state to the court whether a bona fide defense would be made to the plaintiff's action. If upon such a motion the court is not satisfied that a bona fide defense will be made, it may order judgment to be entered for the plaintiff. *Jennings* v. *Parsons*, 71 Conn. 413, 42 Atl. 76. June 14th, 1907, a hearing was had upon this motion. At this hearing the corporation counsel appeared and stated that the city of Ansonia had no defense to the action. At the same time Messrs. Walsh and McCarthy (having previously entered their appearance for the defendant with the clerk) stated that they had been appointed by Mayor Charters to appear in the suit, and that the city had a defense thereto. It became a question for the court to decide whether the corporation counsel or the appointee of the mayor represented the defendant in this matter. The court postponed this decision and further hearing and inquiry, and ordered that the defendant (leaving open the question as to who represented the defendant), if it had an answer to the cause, should file the same by June 18th, 1907. June 18th another hearing was had, at which the plaintiff, the corporation counsel, and Messrs. Walsh and McCarthy appeared; the latter filed with the clerk a paper signed by them as attorneys for the defendant and purporting to be the answer of the defendant; the corporation counsel filed no answer on behalf of the defendant, and objected to the filing of said paper upon the ground that the city

had no valid or legal defense to the action, that the paper
was filed without his consent and against his wishes and
judgment, and that Messrs. Walsh and McCarthy had no
authority to file said paper; the plaintiff moved to strike
the answer of Messrs. Walsh and McCarthy from the files,
on the ground that the same was not the answer of the de-
fendant city. The action of each of the parties at this
hearing—of the corporation counsel in declaring that the
city had no valid defense and insisting that he alone repre-
sented the city and was authorized to speak for the city in
this matter; of Messrs. Walsh and McCarthy in claiming
that, as an appointee of the mayor, they were authorized
by the defendant to conduct its defense independently of
the wishes and against the will of the corporation counsel;
and of the plaintiff in moving that the paper filed by
Messrs. Walsh and McCarthy without authority from the
defendant be striken from the files—presented to the court
the same question, namely, was the corporation counsel the
agent and attorney of the defendant for the purpose of de-
termining whether the defendant should make a defense or
not? For the determination of this question there was no
call for the demurrer and answer to the plaintiff's motion,
which the court permitted Messrs. Walsh and McCarthy to
file. July 19th, 1907, the court announced that upon the
statements then made by counsel it was of opinion that the
corporation counsel had full control of the case on behalf
of the defendant, and that the paper filed by Messrs. Walsh
and McCarthy was not the answer of the defendant. Sub-
sequently the court permitted the parties to have a further
hearing, and to produce evidence claimed to have a bearing
upon the question of the authority of the corporation coun-
sel, and again held that the answer of Messrs. Walsh and
McCarthy was not the answer of the defendant, and
granted the plaintiff's motion to strike it from the files,
and thereafter, upon motion of the plaintiff, the judgment
was rendered.

January 13th, 1908, the last day of the hearing upon the conflicting claims of the corporation counsel and Messrs. Walsh and McCarthy, Stephen Charters, being the same person as the mayor under whose appointment Messrs. Walsh and McCarthy claimed to represent the city, filed with the clerk a request to enter his (Stephen Charters') appearance for the defendant in the capacity of a taxpayer, citizen, resident and inhabitant of the city of Ansonia. After such appearance Charters, taxpayer, took no part in the proceedings until after the rendition of judgment; but three days after the date of the judgment, upon a hearing upon motion of the plaintiff that execution issue immediately, he objected to the granting of that motion, upon the ground that he desired to appeal from the action of the court. Subsequently Charters, taxpayer, presented to the court his request for a finding upon his appeal as a defendant, with which request the court complied, and this appeal was duly perfected and allowed by the court.

We think the motion to dismiss the appeal should be denied. Every taxpaying inhabitant of a municipal corporation may have an interest in an action against the corporation. Judgment against the corporation may be enforced by a tax for the payment of which his property is liable; but under our practice this interest is a more direct one. We have always held, on grounds of public policy, that each inhabitant of a town, and of other quasi corporations established for purposes of local government, shall not only be liable through taxation to contribute a proportional sum to the payment of a judgment against the corporation, but that his property may in the first instance be liable for the whole amount of the judgment, putting upon him the burden of enforcing his reimbursement by the corporation of the amount that may be thus paid by him beyond his just proportion; and for the enforcement of this policy we have held that execution upon a judgment against a town may be levied on the property

of any one of its inhabitants. *Beardsley* v. *Smith,* 16 Conn. 368, 376 *et seq.* We have applied by statute the same rule of policy to chartered cities, and have doubtless recognized the rule as applicable to all cities unless altered by a particular charter or statute. It follows from this direct personal interest of each taxpaying freeman of a city, that he is entitled to be heard in a suit against the city which may involve an execution that may be levied upon his property, and we have held in the case of a town that any inhabitant may appear upon the return-day of a suit against the town and defend on behalf of the corporation. *Union* v. *Crawford,* 19 Conn. 331, 333. This practice, however, is in reality a practical substitute for authority that may be vested in the court to compel a municipal corporation to lay and collect a tax and apply the proceeds to the satisfaction of a judgment against it. The main value of either practice consists in the affirmance of a power whose existence renders its execution rarely necessary. It is manifest that every inhabitant of a town and every freeman of an incorporated city is not the defendant to an action against the corporation in the same sense as the defendant in an action between two individuals; and he has been held not to be a defendant for all purposes. *Kinne* v. *New Haven,* 32 Conn. 210, 215. The relation of such a defendant to the action against the corporation, in view of the possibility of the corporation's appearing by its duly constituted agent and all its corporators appearing individually, evidently calls for special rules regulating that relation. The position of such a defendant may doubtless be affected by provisions of particular charters, of the Practice Act, and of other existing statutes; it is not, however, necessary for the disposition of this motion to dismiss, to consider how difficulties which might arise should be dealt with under our existing law. It is sufficient that Mr. Charters might have appeared as an interested party defendant upon the return-day of the

writ, and, failing to appear then, he might subsequently be permitted to appear upon complying with appropriate regulations.  This being so, and he having in fact appeared before judgment and submitted to the jurisdiction of the court without objection from any party to the suit, and the court having recognized him as a party interested and permitted him, as such party, to take and perfect an appeal to this court, we cannot say that the appeal thus taken is upon the face of the record so manifestly outside our jurisdiction as to require us to grant this motion to dismiss.

As to the only reason of appeal properly assigned, namely, the action of the trial court in recognizing the corporation counsel as the agent of the city for the conduct of the cause, and in refusing to recognize Messrs. Walsh and McCarthy as authorized by the city to supersede the corporation counsel, or to file an answer and conduct a defense on behalf of the city without the authority and against the directions of the corporation counsel, we think the ruling of the trial court was correct.  The question is practically settled by the charter of Ansonia, of which the court takes judicial notice.  The charter establishes, as agents of the city in the execution of its powers, certain boards and officers whose powers and duties are defined by and derived from the charter.  Among these is the corporation counsel.  The charter provides: "Sec. 75. There shall be in said city a corporation counsel, who, at the time of his appointment, shall be an attorney and counselor at law of this State.  He shall hold no other office in the city government during his term.  He shall be the legal adviser of the city and its departments, and it shall be his duty to represent said city in all civil actions in any court wherein said city is interested, except as otherwise provided, and to give his written opinion upon any legal question which may be submitted to him by the mayor or by the board of aldermen, or by any department, or by any public official with the written consent of the

mayor. All opinions so given by him shall be recorded in an indexed book, which book shall be kept in the office of the corporation counsel and shall be the property of the city, and such opinions as the mayor may direct shall be published in the year book issued next after such opinions are given. He shall, when so directed by the mayor or board of aldermen, represent the city in all matters pending before the general assembly affecting the interests of said city, and he shall perform all other legal services which may be required of him by the board of aldermen or by law or ordinance. He shall annually, on or before the tenth day of October, make a written report to the mayor of his doings for the year ended on the thirtieth of September next preceding, showing the condition of all unfinished business in his hands." 13 Special Laws, p. 1051. In addition to the powers pertaining to the corporation counsel of a city in accordance with our known and settled practice, and in addition to the powers involved in constituting the corporation counsel the legal adviser of the city government, in which he shall hold no other office, and of every department and officer of that government, this section confers upon the corporation counsel the power, and imposes upon him the duty, to represent the city in all civil actions in any court wherein the city is interested, except as otherwise provided. There is in the charter no other provision affecting his power to represent the city, except that which provides that in matters pending before the General Assembly he shall represent the city only when so directed by the mayor or by the board of aldermen. The power and duty of the corporation counsel as the agent of the city to conduct an action pending in court against the city, and to determine according to his best judgment whether or not it is for the interests of the city that it should attempt to make a defense in that action, can be limited and controlled only by the city itself acting through its board of aldermen.

By the express terms of the charter (§ 85) the board of aldermen "shall exercise all the powers conferred upon said city, except as otherwise provided." There is no provision in the charter by which the city's power in the direction of its corporation counsel can be otherwise exercised. When, therefore, it appeared to the trial court that Mr. Munger was the corporation counsel of the defendant city, and that his power as such officer had not been limited or modified by any action of the city through its board of aldermen or otherwise, the court was authorized to accept the statement of Mr. Munger, that the city had no valid defense and did not intend to make a defense, as the statement of the defendant itself; and being satisfied as to these facts, it was authorized to order judgment for the plaintiff.

The claim of Messrs. Walsh and McCarthy upon the interlocutory hearing, and the claim of the appellant upon this appeal, is this: The charter vests in the mayor the power of controlling the action of the corporation counsel in the conduct of any case in court by appointing special counsel in that case, who thus become, for the conduct of that case, the special agent of the city, to whose authority the corporation counsel must yield. The argument is that the corporation counsel is only the general agent of the city, subject at any time to have his agency limited or superseded by the appointment of a special counsel for the conduct of a particular case, and that the exercise of this power of the city is vested in the mayor. The claim is thus summed up in the appellant's brief: "All the power in the city with respect to the hiring of additional or other counsel, as the case may be, is vested by the express provisions of the charter in the mayor." This claim is based upon the language of the concluding sentence of § 15 of the charter, which reads as follows: "The mayor shall assign one or more patrolmen to act as truant officers in enforcing the general statutes regarding school at-

tendance; . . . and may, whenever in his judgment the interests of the city demand such action, employ additional counsel to assist the corporation counsel in the trial of any case in which the city is a party, except with reference to any matters pending before the general assembly."

We think this language recognizes the power of the corporation counsel, as conferred in § 75, to represent the city in all civil actions, and requires him to conduct every action without paid assistance, unless, in a particular case, the interests of the city may justify an expenditure for assistance, and, in such case, permits the mayor, if in his judgment the interests of the city demand such action, to employ additional counsel to assist the corporation counsel in the trial. The purpose is to permit the mayor to authorize and control an expenditure for the assistance of the corporation counsel, and not to vest in the mayor the power of the city to control or supersede that officer in the exercise of his charter powers and performance of his charter duties. This clause of § 15, whether read by itself or in connection with general expressions used in granting other powers to the mayor, or in connection with the general scheme of government established by the charter, does not expressly nor by necessary implication sustain the extraordinary claim of the appellant.

It is unnecessary to consider what might have been the duty of the court if the hearing before it had disclosed anything in the nature of collusion or other misconduct liable to result in a practical fraud upon the city; for the finding is explicit that the good faith of the corporation counsel in his conduct of the case was conceded, and his legal competency to properly represent the defendant was unquestioned.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.