GEORGE A. TILDEN *vs.* E. A. STEVENSON AND CO., a corporation created by and existing under the laws of the State of Delaware.

(*July* 12, 1925.)

RICE and RODNEY, J. J., sitting.

*James R. Morford* for plaintiff.

*E. Ennalls Berl* for defendant.

48

Superior Court for New Castle County, May Term, 1925. No. 70, January term, 1924.

RICE, J., delivering the opinion of the court:

George A. Tilden, the plaintiff, contracted with the defendant company for his services for the period of three years from July 25, 1920. The defendant discharged him on February 22, 1922, and the plaintiff brought this action to recover damages from the defendant company for breach of the contract.

The defendant, together with other pleas, filed a notice of recoupment. The notice sets forth that the defendant is entitled to recoup from the plaintiff damages on the ground that the defendant is the owner of all of the capital stock of the Tilden Company, and the plaintiff was employed by the defendant to have charge of the sales of the defendant company and its subsidiary, the Tilden Company; that while so engaged, the plaintiff fraudulently, wrongfully and illegally misappropriated and converted to his own use various sums in cash and other funds of the defendant's subsidiary, the Tilden Company, and has fraudulently, wrongfully and illegally executed and delivered and discounted various promissory notes, checks and trade acceptances of the subsidiary company without the authority of the defendant or its subsidiary and has misappropriated and converted to his own use the funds realized therefrom, so that the defendant has thereby lost large sums of money.

The plaintiff filed a motion to strike out the notice of recoupment on the ground that the alleged causes of action or claims could only be asserted in the name of the Tilden Company, and do not relate to claims or causes of action which the defendant in its own right and name may properly claim by way of recoupment. The question presented is whether the defendant company, owning all of the capital stock in the subsidiary company, in an action for breach of contract brought by an employee of the holding company against such company may recoup for the misappropriation and conversion of money, funds, etc., of the subsidiary company

by such employee, and the question is not whether there was legal justification for the discharge of the employee.

Recoupment is the right of the defendant, in the same action, to claim damages from the plaintiff, either because the plaintiff has not complied with some cross-obligation. of the contract on which he sues, or because he has violated some duty which the law imposed on him in the making or performance of the contract. 24 *R. C. L. p.* 793.

The doctrine of recoupment was recognized and allowed at common law, and was and is applied to actions whether founded in contract or in tort, but it is limited as a defense to defeating the plaintiff's action, in whole or in part. The doctrine is recognized by the courts of this state. *Edge Moor Iron Co. v. Brown, etc., Co.,* 6 *Penn.* 10; *Tomlinson & Co. v. Quigley,* 5 *Houst.* 168; *Shimp v. Siedel & Hastings Co.,* 6 *Houst.* 421; and other cases.

However, the general rule unquestionably is that no one can set up a claim of recoupment by way of a defense unless he could have enforced the alleged liability by a direct action thereon, for each party is plaintiff in respect to his own particular grievance, and each party is defendant in respect to the grievance of the other. *Thayer v. Jewett,* 22 *Me.* 19; *Kinne v. New Haven,* 32 *Conn.* 210; *Elliott v. Brady,* 192 *N. Y.* 223, 85 *N. E.* 69, 18 *L. R. A. (N. S.)* 600, 127 *Am. St. Rep.* 898.

Can the defendant company, the owner of all of the stock of the subsidiary company claim by way of recoupment money alleged to have been misapplied and converted from its subsidiary company by the plaintiff, an employee of the defendant company? We think this cannot be done. Counsel for the defendant argues that the defendant company is the only one interested in the loss and profits of the subsidiary company, and, therefore, any damages to the subsidiary company through the action of the defendant's employee occasions damages to the defendant company for which it may recoup such losses.

While any loss of the subsidiary, under such circumstances, would result in loss to the defendant company, nevertheless, it would not be of such a nature that the defendant company in an

independent action and in its own name and right, could enforce the claim against the plaintiff.

The position of the defendant company, even if it owns all of the capital stock of the subsidiary company does not differ from the position of any stockholder in a corporation, and we think it cannot be contended that an individual stockholder, in an action brought against him by an employee of the corporation, could set up such a claim of recoupment. We see no distinction, under the circumstances, between a stockholder owning a lesser number of shares of stock. A corporation must sue in its own right and name, and a stockholder has not the right to sue in his own name for the corporation. A stockholder of a company has no legal rights in the profits of a corporation until a lawful division of the same is made. A conveyance of all the capital stock of a company to a purchaser gives such purchaser only an equitable interest in the property to carry on business under the certificate of incorporation and in the corporate name, and the corporation is still the legal owner of the property. *Button v. Hoffman*, 61 *Wis.* 20, 20 *N. W.* 667, 50 *Am. Rep.* 131; *Wilde v. Jenkins*, 4 *Paige* (*N. Y.*) 481.

For the reasons stated the court are clearly of the opinion that the claim set up in the notice of recoupment cannot avail the defendant company as a defense to this action, either in whole or in part, and, therefore, the notice of recoupment filed in the cause is ordered to be stricken out.