YALE UNIVERSITY *v.* CITY OF NEW HAVEN

COURT OF COMMON PLEAS

NEW HAVEN COUNTY
FILE NOS. 59088, 61226

Memorandum filed February 19, 1960

*Wiggin & Dana,* of New Haven, for the plaintiff.

*George W. Crawford,* corporation counsel, for defendant city of New Haven.

*Leonard Levy, Richard Belford* and *Sherman Drutman,* all of New Haven, for petitioner George Devit.

DOHERTY, J. In September, 1958, the assessors of New Haven added to Yale's list of taxable property an item consisting of certain real estate at 73

Sachem Street, located in an area surrounded by other real estate of the university devoted exclusively to educational purposes, and from a decision of the board of tax review of New Haven refusing to grant relief to said taxpayer by striking this item from the assessment list, Yale brought an appeal to this court. A similar appeal was taken to remove this real estate from the tax rolls of New Haven for the year of 1959.

In each of these appeals Attorney George W. Crawford, the duly appointed corporation counsel for the defendant city, entered his appearance, as such, for the city of New Haven. On January 13, 1960, a written stipulation was entered into by and between Yale, through Wiggin and Dana, its attorneys, and the town and city of New Haven, through its corporation counsel, the said George W. Crawford. By its terms, this written stipulation acknowledges that the real estate in question has been erroneously listed as taxable property, it being conceded that the real estate is being used for educational purposes so that it is not taxable under the statutes of the state and the decisions of the Supreme Court of Errors. This stipulation has been filed with the court, and it is agreed by its terms that judgment shall be entered forthwith, directing the assessors and board of tax review of New Haven to strike this item from the taxable list of Yale University as of June 1, 1958.

The day that this stipulation was to be heard on a short calendar motion for judgment, a petition to intervene in these cases was filed with the clerk of the court by a taxpayer of the defendant city, praying that he be allowed to enter the cases as a party defendant. The court deferred decision of the motion for judgment on the stipulation and allowed all parties to be heard on the petition to intervene. Both the plaintiff Yale University and the defend-

ant city strenuously object to the admission of this taxpayer into these cases as a party defendant.

Although the court allowed the parties at the hearing on the petition to intervene to introduce evidence to establish that the petitioner is an "aggrieved" person and to delve into his motives for desiring to enter the case, the matter must be determined on the basis of the facts alleged in the petition itself. In substance, the petition briefly recites the basic facts previously recited herein and adds "that said stipulation is adverse to the interests of the City and to its taxpayers." And it prays that the taxpayer be permitted to intervene as a codefendant and "to assert those defenses which are applicable in the premises."

We have, therefore, a situation in which the corporation counsel, the duly constituted officer of the defendant city, acknowledges that there is no defense to these actions on the one hand and a taxpayer, who asks to come in to the cases to assert whatever defenses may appear to be available to these actions after he has been allowed to come into the case to explore the possibility that some defenses may exist. The case in many respects, therefore, is similar to that of *Nichols* v. *Ansonia,* 81 Conn. 229. In that case it was held that a judgment for the plaintiff against the defendant city of Ansonia was properly entered, corporation counsel for the defendant city having acknowledged in his capacity as counsel for the city that a valid defense to the action did not exist. The court in that case did permit the intervening party to come into the case as a taxpayer. This was done apparently on the theory that under the law of Connecticut any taxpayer may appear to defend in a suit for damages against the municipality, since technically his personal estate is liable to be levied on by a writ of execution based on a judgment against the municipality. However, it

is very clear from that decision that a taxpayer will not be permitted to oust the duly appointed corporation counsel of a city of his office and thus usurp the powers and duties conferred on corporation counsel under the charter provisions of a city.

The instant cases are in a different category and do not fall within the same class of cases as *Nichols* v. *Ansonia,* supra. Here we have no creditor suing the city. No one is seeking a judgment of money damages against the city of New Haven on which execution could be levied against the personal estate of any New Haven taxpayer. It is true that a taxpayer may properly be found to be an "aggrieved" person and as such be entitled to sue to protect his interest in any matter involving a municipality where his tax bill may be affected. We have some very recent cases involving taxpayers in this state. See *McGee* v. *Dunnigan,* 138 Conn. 263; *Bassett* v. *Desmond,* 140 Conn. 426; *Liebeskind* v. *Waterbury,* 142 Conn. 155; *Austin* v. *Housing Authority,* 143 Conn. 338, and *Zuckerman* v. *Board of Zoning Appeals,* 144 Conn. 160, where the extent of a taxpayer's rights is discussed. However, it appears to the court that if any taxpayer is permitted, as a matter of right, to intervene in cases such as the instant cases are, chaos would result. The desirability of limiting the number of litigants in cases involving a municipality is discussed by our Supreme Court of Errors in the case of *Union* v. *Crawford,* 19 Conn. 331, 337.

It is not alleged in this petition that there is any collusion between the parties, nor that the defendant city is not represented by competent and able counsel, nor that the city or any taxpayer would be defrauded by the proposed judgment. It is too well established to ever require that authority be cited to support the principle of law that unless and until the contrary is alleged and asserted, public officers

are presumed to have performed their duties honestly and capably in carrying out the duties incident to their office. In *Nichols* v. *Ansonia,* supra, 240, the court says: "It is unnecessary to consider what might have been the duty of the court if the hearing before it had disclosed anything in the nature of collusion or other misconduct liable to result in a practical fraud upon the city; for the finding is explicit that the good faith of the corporation counsel in his conduct of the case was conceded, and his legal competency to properly represent the defendant was unquestioned." That language is equally applicable to the instant cases in view of the allegations of the petition.

Accordingly, the petition to intervene is denied and the motion to strike the petition from the docket in each case is granted.