J. S. MOON, Appellee v. G. W. HARTSUCK, and T. J. BAIRD, Appellants.

**Former adjudication:** HOW TAKEN ADVANTAGE OF. Fomer adjudication or other matter in bar or abatement of a subsequent action can only be taken advantage of by a plea; it cannot be tried upon affidavits or an *ex parte* showing.

**Certiorari:** WHEN NOT AVAILABLE. Certiorari will not lie where there is an adequate remedy by appeal.

**Same:** ELECTION OF REMEDIES. The doctrine of election of remedies applies where a party has two or more inconsistent remedies for the same wrong, and not where he has but one available remedy and mistakenly pursues another which is not available; so that the prosecution of certiorari proceedings to test the validity of the canvas of a statement of consent to the sale of liquor will not preclude an appeal from the action of the board.

*Appeal from Monroe District Court.*— HON. F. W. EICHELBERGER, Judge.

WEDNESDAY, FEBRUARY 12, 1908.

A STATEMENT of general consent for the sale of intoxicating liquors in Monroe county, Iowa, having been presented by the defendants to the board of supervisors, and having been by that body canvassed and adjudged sufficient, the plaintiff, J. S. Moon, a citizen of the county, appealed from

said finding to the district court.   Afterwards, and pending this appeal, two other citizens of the county, H. W. Watson and R. P. Downing, sued out a writ of *certiorari* to have said action of the board of supervisors adjudged illegal and void on various grounds set forth in the petition for the writ.   Thereafter, the writ having been issued and return made thereto, the district court found for the defendants, and dismissed the proceedings.   After the *certiorari* case had been thus disposed of, the defendants filed a motion to dismiss the appeal which had been taken by Moon, assigning as a ground therefor the alleged fact that Moon was a member of the same voluntary association with the plaintiff in the *certiorari* proceeding, and that in taking said appeal and suing out said writ of *certiorari* all of said parties were acting as the agents of said association, and that having elected to pursue the remedy by *certiorari* to an unsuccessful termination neither they nor any others constituting said association could further maintain the appeal.   This motion was supported by the affidavit of one of the defendants to the effect that he " is informed and believes " that Moon, Watson and Downing are all members of the Monroe County Law Enforcement Association, and that in taking the appeal and in suing out the writ of *certiorari* said persons acted for and represented the association.   The motion to dismiss was overruled, and the defendants appeal.— *Affirmed.*

*Jaques & Jaques* and *F. D. Everett,* for appellants.

*Baker & Baker* and *Mitchell, Tomlinson & Price,* for appellees.

· WEAVER, J.— The ruling of the district court was clearly right.   First.   In the first place, if there was another case pending involving the same issue, or if any valid judgment had been entered in another proceeding which was available to the defendant as a former adjudication, or if

the plaintiff had by some act or allegation, estopped or barred himself from prosecuting his appeal, such matter could be taken advantage of only by a plea in bar or in abatement, as the case might be. It ought not to require a citation of authorities in support of the proposition that such an issue is not to be tried upon affidavits or by an *ex parte* showing of the defendant's information or belief.

Second. Even if it be taken for granted that the plaintiff herein and the plaintiffs in the *certiorari* proceeding were members of the same association, and were in each instance seeking to test the validity and sufficiency of the alleged statement of general consent, there is no principle of law or rule of practice in this state by which the right to prosecute the appeal is forfeited or lost by the prosecution of the *certiorari* proceeding. The doctrine of election between inconsistent remedies has not the slightest application under such circumstances. It may be true, indeed it is true, that *certiorari* will not lie under our practice if the party has an adequate remedy by appeal; and in that very fact is found an all-sufficient reason why no right of election could exist. A party is never put to an " election " except where two or more inconsistent remedies for the same wrong are open to him, and he may rightfully pursue either. If there be but one available remedy, and he mistakenly pursues another which is not available, it does not operate as an election. *Zimmerman v. Robinson,* 128 Iowa, 72; *Redhead v. Cattle Co.,* 126 Iowa, 410.

It may well be that the district court dismissed the *certiorari* proceeding for the simple reason that in its judgment the plaintiffs had a full and adequate remedy by appeal from the finding of the board of supervisors; and it would be a ludicrously strange doctrine to announce that, when a party has been denied remedy by *certiorari* because he has a right of appeal, he will then be denied his right of appeal because he vainly sought relief by *certiorari*. It is unnecessary to prolong this discussion. The authorities cited by

appellant have no relevancy to the questions raised by the appeal, and we shall not stop to review them.

There was no error in overruling the motion to dismiss, and the judgment of the district court is *affirmed*.