CARMELO ABBADESSA *vs.* GUISEPPE PUGLISI ET ALS.

Third Judicial District, Bridgeport, April Term, 1924.
WHEELER, C. J., BEACH, CURTIS, HAINES and MALTBIE, Js.

An unrecorded conditional bill of sale of electric light fixtures installed by the petitioner in the vendee's apartment building *held* valid as against the vendee's receivers, since such fixtures were "household furniture" within the meaning of § 4744 of the General Statutes.

No right to a mechanic's lien for the price of the fixtures existed under § 5217 of the General Statutes, because the claim was not one for "materials furnished or services rendered in the construction of the building." (*One judge dissenting.*)

The doctrine of election of remedies, as inherited from the common law, has been relaxed under modern procedure so that consistency of claim is only required of a litigant in choosing between such existing and available remedies as he is legally entitled to pursue; and a mistaken attempt on his part to enforce a remedy to which he has no legal right does not of itself preclude him from thereafter seeking a proper, though inconsistent, remedy. *Held* that plaintiff was entitled to maintain a petition to reclaim the electric light fixtures on the theory that he had retained title thereto under the conditional bill of sale, although he had previously proceeded on the theory that title had passed to the vendee by attempting to assert a mechanic's lien, to which he had no legal right.

Argued April 8th—decided June 2d, 1924.

SUIT to foreclose a mechanic's lien upon a large apartment house in the hands of receivers of the de-

(1)

fendant Puglisi, brought to the Superior Court in New Haven County where one of the defendants, Frank Caplan, filed a reclamation petition for certain electric light fixtures which he had sold to the defendant Puglisi upon condition that the title thereto should not pass until they had been fully paid for, and which had been installed in the building in question; this petition was referred to James E. Wheeler, Esq., a committee who heard the parties, reported the facts and recommended that the petition be denied, and from a judgment of the court (*Keeler, J.*) accepting the report and disallowing the claim, the petitioner appealed. *Error, judgment set aside and cause remanded.*

The committee found that the fixtures scheduled were furnished and installed by the petitioner upon a written order dated January , 1921, providing that the title to the articles enumerated should remain in the petitioner until fully paid for; that the price agreed on was $1,900, of which about $600 had been paid; that the writing was not recorded; and that a balance of $1,355.25 was due the petitioner from the defendant Puglisi. The committee also found that on April 24th, 1921, the petitioner filed and recorded a mechanic's lien on the land and building in question for $1,355.25; that all of the articles furnished and installed were "household furniture" within the purview of § 4744, and that the reclamation petition was filed June 24th, 1921. The committee further found that the petitioner by filing his mechanic's lien waived his right to reclaim, and recommended that the petition for reclamation be denied.

A remonstrance against the acceptance of the committee's report was demurred to, demurrer sustained and remonstrance overruled (*Keeler, J.*), and judgment rendered disallowing the petitioner's claim and denying the petition for reclamation.

Petitioner appeals for the reason that the court erred in holding that the petitioner by executing and filing a mechanic's lien waived his claim for payment by the receivers and his right of reclamation under the conditional sale.

*Jacob Caplan,* for the appellant (defendant Frank Caplan).

*Edwin S. Pickett,* for the appellees (defendant receivers of Puglisi).

BEACH, J.  It is conceded that under § 4744, the reservation of title in the contract of conditional sale was valid as against the receivers, though the contract was not acknowledged or recorded.  It is also conceded that the petitioner never had any right or remedy by way of mechanic's lien, because his claim was not for services rendered or materials furnished in the construction of the building.  The right to a mechanic's lien is purely statutory and does not include a claim based on installing electric-light fixtures in the building.  *Rose* v. *Persse & Brooks Paper Works,* 29 Conn. 256.  Upon this state of facts the question of law in controversy is whether, by operation of the doctrine of election between inconsistent remedies, the petitioner has lost his contract right of reclamation by attempting to enforce a remedy, by mechanic's lien, which he never possessed or had any legal right to possess.  On general principles it is self-evident that the fruitless and mistaken pursuit of a supposed remedy which does not exist, ought not, of itself, to discharge a wrongdoer from liability, on the theory that the plaintiff has made an irrevocable election between inconsistent remedies.  The authorities on this point are overwhelming.  "A mere attempt to pursue a remedy

or claim a right to which the party is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of that which he had originally a right to resort to or claim." *Matter of Van Norman,* 41 Minn. 494, 497, 43 N. W. 334. "The institution by a party of a fruitless action, which he has not the right to maintain, will not preclude him from asserting the rights he really possesses." *Kinney* v. *Kiernan,* 49 N. Y. 164, 169. "No case has been called to my attention, nor do I believe that any can be found, which holds that a person is estopped from pursuing a remedy that he is entitled to, because he has endeavored to avail himself of another remedy that he never was entitled to." *Agar* v. *Winslow,* 123 Cal. 587, 591, 56 Pac. 422. "'The law has not gone so far as to deprive parties of meritorious claims . . . because of attempts to collect them by inappropriate actions, upon which recovery could not be had.'" *Sullivan* v. *Ross' Estate,* 113 Mich. 311, 318, 76 N. W. 309. The "unsuccessful use of a remedy, supposed to be, but in effect not, appropriate to vindicate the rights of a particular matter, . . . does not preclude plaintiff from thereafter invoking the proper remedy." *Rowell* v. *Smith,* 123 Wis. 510, 511, 102 N. W. 1. "'The whole doctrine of election is based on the theory that there are inconsistent rights or remedies of which a party may avail himself, and a choice of one is held to be an election not to pursue the other.'" *Standard Sewing Machine Co.* v. *Owings,* 140 N. Car. 503, 505, 53 S. E. 345. "A party is never put to an 'election' except where two or more . . . remedies . . . are open to him, and he may rightfully pursue either. If there be but one available remedy, and he mistakenly pursues another which is not available, it does not operate as an election." *Moon* v. *Hartsuck,* 137 Iowa, 236, 238, 114 N. W. 1043. "Rejection of a claim because pursued in an

action in which it cannot be entertained does not constitute an estoppel against the pursuit of the same right in an appropriate proceeding." *Ash Sheep Co.* v. *United States*, 252 U. S. 159, 170, 40 Sup. Ct. 241. See also the authorities collected in the note to *Zimmerman* v. *Robinson & Co.*, in 5 Amer. & Eng. Ann. Cas. 962 (128 Iowa, 72, 102 N. W. 814); 2 Words and Phrases (2d Series), Election of Remedies, 235; 20 Corpus Juris, pp. 21–25, and § 24 on pp. 33, 34, and 9 R. C. L. p. 962.

On the other hand, it is true that the recitals of the certificate of mechanic's lien executed and filed by the petitioner, when regarded as verbal acts evidencing intention, necessarily evidence an intent to affirm the sale and to treat the title to the articles in question as vested in the vendee, or in the receivers who stand in the shoes of the vendee; and the claim of the receivers is that the formal communication of such an intent is, of itself, enough to preclude the petitioner from thereafter reversing his position and asserting title in himself by reclamation proceedings, notwithstanding the concession that the petitioner's attempt to assert a mechanic's lien was in legal effect a nullity. The receivers cite no authority to this effect. All cases they rely on are cases where the conditional vendor had a legal right to one or more inconsistent remedies, and, having attempted to assert one, was held to his election. The Connecticut case was one where the conditional vendor not only filed a claim in insolvency proceedings but received a dividend, and it was held that he was thereby precluded from afterward resorting to an action of replevin. *Crompton* v. *Beach*, 62 Conn. 25, 25 Atl. 446. These authorities are not in conflict with those which support the equally logical proposition that there can be no election except between existing and available rights or remedies. It is, of course, true that any act of the petitioner definitely announcing

intent might, if acted on by others entitled to guide their course by his announced intention, ripen into an estoppel *in pais;* but there is no finding here that the vendee or the receivers changed their position because of the petitioner's futile notice of intent to claim a mechanic's lien. The most that can be said is that the petitioner's present claim is inconsistent with his original claim, because the attempt to reclaim assumes that title is still in the petitioner, while the attempt to assert a mechanic's lien assumed that title had already passed to the vendee. We think the cases cited and referred to clearly show that, in these days at least, consistency of claim is not required of a litigant except in choosing between two existing and available remedies, and that the petitioner has not lost his right of reclamation by making an inconsistent claim in the attempted assertion of a right which he did not possess.

Looking at the matter from another point of view, it is apparent that the measure of consistency required of a litigant in any jurisdiction must depend a good deal on the character of its rules of procedure. The doctrine of election is inherited from the inexorable logic of the formulary procedure of the common law, which necessarily demanded consistency as an end in itself. Modern procedure, more or less libellary in character, sacrifices consistency so far as is necessary to the attainment of substantial justice. In this jurisdiction, for example, an unpaid vendor is permitted to join a cause of action for the contract price, based on the theory that the title to the goods has passed to the vendee, with a cause of action in trover, based on the theory that the title is in the vendor; without being required to elect between them at any stage of the trial. *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551, 29 Atl. 76. Under so liberal a pro-

cedure it would seem illogical to hold that the petitioner had lost his right to assert title in himself, merely because he had at one time made an inconsistent claim or admission in the mistaken pursuit of a nonexistent remedy.

In view of the general relaxation of the common law requirement of consistency in pleading, the Supreme Court of the United States has wisely observed that "at best this doctrine of election of remedies is a harsh, and now largely obsolete rule, the scope of which should not be extended, as it must be in order to reach the case at bar." *Friederichsen* v. *Renard,* 247 U. S. 207, 213, 38 Sup. Ct. 450.

There is error, the judgment is set aside, and the cause remanded with direction to overrule the demurrer to the petitioner's remonstrance against the acceptance of the report of the committee.

In this opinion WHEELER, C. J., CURTIS and HAINES, Js., concurred.

MALTBIE, J. (dissenting). Both parties presented this controversy upon the theory that a mechanic's lien would not lie for the price of the lighting fixtures involved in it, and, had the majority of the court proceeded upon the basis of the case so made, I certainly would have no quarrel with them upon that score. But to adopt that theory as the law of this State, I can only regard as an unnecessary narrowing of a beneficent statute and as running counter to the decision and opinion in *Balch* v. *Chaffee,* 73 Conn. 318, 47 Atl. 327. For the rest, the law as to election of remedies stated in the majority opinion is, I have no doubt, sound, but it is hardly applicable here. The claimant chose to substitute for his title to the goods a lien upon the building, and so, as was said in *Crompton*

v. *Beach*, 62 Conn. 25, 38, 25 Atl. 446, of the issue then before the court: "This is not a question of remedy, but of right." Upon such a situation, the doctrine of election of remedies has no bearing, but the solution lies along the lines of waiver. I do not think, however, that this would lead to any other result than that reached by the majority of the court, for I incline to believe that a waiver is not irrevocable unless supported by a consideration or accepted or acted upon by the adverse party.