THE NATIONAL TRANSPORTATION COMPANY, INC. *vs.* FREDERICK E. TOQUET ET ALS.

THE NATIONAL TRANSPORTATION COMPANY, INC. *vs.* GEORGE M. COUGHLIN ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued November 3d—decided December 21st, 1937.

*David R. Lessler,* for the appellant (plaintiff).

*John V. Donnelly,* for the appellees (defendants).

MALTBIE, C. J. These cases were tried together and the issues in them overlap. In each the decision was for the defendants and the plaintiff has appealed. In the first named the plaintiff sought a declaratory judgment with reference to the validity of a change in zoning affecting its property and, in the event that it should be held invalid, further relief. The facts necessary to be considered in deciding this case are not in dispute. The plaintiff owns a tract of land in Bridgeport fronting on McKinley Avenue, in part occupied by a building which with the remainder of the property it uses in connection with its trucking business. In 1926 the city of Bridgeport adopted comprehensive zoning regulations and under them the plaintiff's property was in an area classed as a light industrial zone. On July 6th, 1934, a number of residents within the area petitioned the zoning commission to change its classification from a light industrial zone to a residential B zone. Section 425 of the General Statutes provides that zoning regulations may be amended, changed or repealed after a public hearing in relation thereto of which at least fifteen days' notice shall be published in a newspaper having a substantial circulation in the municipality concerned. On July 27th, 1934, notice of a hearing upon the petition to be held on August 10th was given by publication in a newspaper having a substantial circulation in the city of Bridgeport. A hearing was held on August 10th at

which a number of property owners appeared in support of the petition and no one appeared in opposition to it and the zoning commission voted to grant the petition and make the change requested. No other notice was given to property owners in the area affected except the single newspaper publication and the plaintiff was not present at the hearing and did not find out about it or the change made in the zoning until about six weeks later. The plaintiff's use of its property was one permitted in a light industrial zone but after the change was made it became a nonconforming use.

Thereafter the plaintiff and other property owners affected by the change of zoning petitioned the zoning commission to reclassify a portion of the area in which was situated the plaintiff's property, as a light industrial zone, but this petition was denied on November 9th, 1934. On November 19th, 1935, the plaintiff requested the board of appeals on zoning to permit certain additions to and alterations of its building which if granted would have permitted it to extend its nonconforming use of the premises. A hearing on the petition was held but thereafter the plaintiff withdrew it. Subsequently and before February 24th, 1936, the plaintiff applied to the building inspector for a certificate of occupancy which the zoning regulations of the city required to be issued before there could be any extension of, or alteration made in, a nonconforming use of any premises, and at the same time applied to the board of building commissioners of the city for a permit for the erection of the addition to its building. Both the building inspector and the board of building commissioners denied the applications made to them, on the ground that to permit them would constitute an extension of a nonconforming use forbidden by the regulations. The plaintiff

appealed to the board of zoning appeals, seeking from it an order that the necessary certificate of occupancy and permit be granted and including in the appeal an application to the board of zoning appeals to vary the regulations so as to permit the erection of the proposed addition as an extension of a nonconforming use. On March 9th, 1936, the board of appeals denied the plaintiff relief. From this order the plaintiff appealed to the Superior Court. On March 26th, 1936, the plaintiff again applied to the building inspector for a certificate of occupancy and to the board of building commissioners for a building permit for the erection of the addition it desired, claiming that it was entitled thereto because the property was in a light industrial zone, but both the building inspector and the board of commissioners denied the applications because the change would constitute an extension of a nonconforming use.

In none of the proceedings previous to the petition of March 26th, 1936, did the plaintiff claim that the change of zoning made on August 10th, 1934, was illegal and invalid. In the Superior Court the plaintiff claimed and now claims before us that the change in zoning was not validly made because the notice of the hearing was not given the requisite length of time before it was held, because publication was only on one day instead of each day for fifteen days before the hearing, and because the notice given was not a fair and reasonable public notice of the matter to be considered at the hearing; and it also claimed and now claims that the statute authorizing changes in zoning is unconstitutional because the notice provided in it is not a reasonable and proper notice, and that the zoning regulations of the city as regards changes in zoning were unconstitutional in that they failed to provide for any appeal to the courts from the action

of the zoning authorities of the city. The trial court while holding that certain of these claims were unsound largely rested its decision upon the conclusion that the plaintiff by its proceedings subsequent to the change had waived any right to assert and was estopped from asserting its invalidity by reason of the insufficiency of the notice or of the unconstitutionality of any applicable provision of the statutes or of the charter or regulations of the city.

The defendants concede that the giving of notice on July 27th, 1934, of the hearing on the change in zoning to be held on August 10th, 1934, was not a compliance with the provision of the statute requiring "at least fifteen days'" notice. *Brooklyn Trust Co.* v. *Hebron,* 51 Conn. 23, 27; *Austin, Nichols & Co., Inc.* v. *Gilman,* 100 Conn. 81, 83, 123 Atl. 32. The change was then not validly made. *Brooklyn Trust Co.* v. *Hebron,* supra, p. 29. If the rights of the plaintiff are to be regarded as determined by the vote then taken, it must be because, as the trial court concluded, the plaintiff by reason of its subsequent conduct is debarred from relief. Waiver is the intentional relinquishment of a known right; *Reynolds* v. *Reynolds,* 121 Conn. 153, 157, 183 Atl. 394; and where one lacks knowledge of a right there is no basis upon which a waiver of it can rest. *Taylor* v. *Lounsbury-Soule Co.,* 106 Conn. 41, 59, 137 Atl. 159; *O'Connor* v. *Metropolitan Life Ins. Co.,* 121 Conn. 599, 609, 186 Atl. 618; *MacKay* v. *Aetna Life Ins. Co.,* 118 Conn. 538, 547, 173 Atl. 783. It is nowhere found that at any time previous to the bringing of the present action the plaintiff knew that the notice of the hearing at which the change in the regulation was made was not given at least fifteen days before the matter was heard. The newspaper publication, not being made as required by the statute, would not be constructive notice to it.

*Hartford Trust Co.* v. *West Hartford,* 84 Conn. 646, 81 Atl. 244; *Carter* v. *Champion,* 8 Conn. 549, 556. Previous to the petitions made to the building inspector and board of building commissioners on March 26th, 1936, the facts afford no basis even for an inference that the plaintiff knew of any fact making invalid the change; everything it did was entirely consonant with a belief on its part that the change was validly made upon proper notice; and there is nothing upon which the trial court's conclusion of waiver could be based.

The petitions made March 26th, 1936, by asserting that the plaintiff's property was in a light industrial zone evidenced a belief on its part that the change was invalid. In the complaint in the companion case is a statement that on March 24th, 1936, the plaintiff for the first time discovered that the attempted change in zoning was invalid; while this statement was expunged from the pleadings in the case, yet it remained in the files and could have been utilized as evidence; *Ford Co.* v. *Dudley,* 104 Conn. 519, 525, 133 Atl. 746; and, if considered, it would certainly have afforded a basis for a reasonable inference that the defect in the proceedings of which the plaintiff then learned was the insufficiency of the notice of the hearing. If the court could take notice of this statement it constituted, not a relinquishment of the plaintiff's right to insist upon the invalidity of the change, but an assertion of that right. The record fails to support the trial court's conclusion that the plaintiff had waived the invalidity of the attempted change in zoning due to the insufficiency of the notice.

An examination of the memorandum of decision discloses that in arriving at its conclusion that the plaintiff is now estopped to assert that the change was invalid, the trial court rested largely upon our de-

cision in *Coombs* v. *Larson,* 112 Conn. 236, 152 Atl. 297. In that case it appeared that in 1924 the town of West Hartford had adopted comprehensive zoning regulations; in June, 1929, an injunction was sought to restrain the building inspector of the town from interfering with a use of the plaintiff's property which was in violation of the regulations, and the plaintiff then claimed that they were invalid. In the opinion of this court it is said (p. 246): "Inhabitants in this town have been living and regulating their affairs under the zoning act of 1923 and the special act of 1925. Interests have no doubt been created, and buildings erected in compliance with these regulations. To hold the regulations invalid would necessarily create confusion in the town, injure property interests which had, presumptively at least, conformed to the then existing law, and disturb and impair past recall police regulations of service and value to this community. Under such circumstances every applicant to a court whose claim, if granted, must invite consequences of such serious import should be held to have waived his right to make such a contention where he has had a fair opportunity to make it and failed to avail himself of it and thereafter rights, public or private, have intervened which will be prejudiced if the applicant shall succeed."

The broad language of the opinion following this statement, upon which the trial court relied, must be read in the light of the situation which the court had just outlined. Estoppel is necessarily based upon prejudice and in the absence of prejudice does not exist. *Tradesmens National Bank of New Haven* v. *Minor,* 122 Conn. 419, 424, 190 Atl. 270; *Faulkner* v. *Keene,* 85 N. H. 147, 157, 155 Atl. 195. In the *Coombs* case we found the prejudice to consist in the effect which would be created upon property rights generally

in the town by holding invalid a comprehensive zoning regulation. The change in zoning we are considering affects only a relatively small area of the city of Bridgeport. Less than two years had elapsed between the time when the change in zoning was voted and the bringing of the action now before us; the trial court found no such situation as that described in *Coombs* v. *Larson* and we cannot assume that it existed. In the absence of anything in the record upon which we could hold that the rights of anyone had been prejudiced by the conduct of the plaintiff subsequent to the making of the change in zoning, there is no basis for a finding of such prejudice as would create an estoppel.

The trial court in its memorandum of decision and the defendants in their brief cite and apparently rely in part upon the principle which we have applied in several cases, that one will not in an appeal taken under the provisions of a zoning regulation be permitted in that proceeding to claim that the regulation is void. *Chudnov* v. *Board of Appeals*, 113 Conn. 49, 51, 154 Atl. 161. The reason upon which that principle is based is that as the appeal itself lies only by virtue of the regulation, to hold that regulation void would destroy the basis of the appeal itself. *Holley* v. *Sunderland*, 110 Conn. 80, 86, 147 Atl. 300. The principle is the same as that which denies to a party who bases an action upon the provisions of a particular statute the right to claim in that action that the statute is invalid. *Rindge* v. *Holbrook*, 111 Conn. 72, 77, 149 Atl. 231. We have never held that resort to an appeal authorized by a law or ordinance in itself precludes an attack upon the validity of that law or ordinance in a subsequent independent proceeding. Aside from situations where the circumstances show waiver or estoppel, the question presented where such

a course is attempted must be resolved upon the principle of election of remedies.

We are here concerned with a question purely of election between two remedies, not one of election between inconsistent rights, with which many of our cases concerning election deal. *Crompton* v. *Beach,* 62 Conn. 25, 38, 25 Atl. 446; 9 R. C. L. 957. As between remedies, the doctrine only applies as regards a choice made between those which are inconsistent. *Henry* v. *Herrington,* 193 N. Y. 218, 221, 86 N. E. 29; 9 R. C. L. 958. To the situation before us, what we said in *Abbadessa* v. *Puglisi,* 101 Conn. 1, 6, 124 Atl. 838, is peculiarly applicable. We there pointed out that the doctrine is largely a survival from the formulary procedure of the common law "which necessarily demanded consistency as an end in itself;" that the doctrine does not entirely accord with the modern conception of procedure which "sacrifices consistency so far as is necessary to the attainment of substantial justice;" and that the doctrine is a harsh one not to be extended. Where the doctrine is concerned purely with a choice of remedies, the underlying principle is essentially the same as that under which a second action to secure the same relief as that sought in one already pending will be abated and which we have recognized as not applicable where it is reasonable and necessary for a plaintiff to pursue the second action in order to make available all the means of redress which the law gives him. *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 136 Atl. 586. We have also repeatedly held that a mistaken attempt to pursue a remedy which must necessarily be unavailing does not prevent resort later to an appropriate remedy. *Abbadessa* v. *Puglisi,* supra, p. 4; *Taylor* v. *Lounsbury-Soule Co.,* supra, p. 60; *First National Bank* v. *Broder,* 107 Conn. 574, 585, 141 Atl. 861; *Munson* v. *MacDonald,* 113 Conn. 651,

155 Atl. 910. Moreover, a choice between two remedies in ignorance of the true facts does not constitute an election. *Spread* v. *Morgan*, 11 H. L. Cas. 588, 615; *Hogue* v. *Wells*, 180 Mich. 19, 23, 146 N. W. 369; 9 R. C. L. 962; 20 C. J. 35.

As we have pointed out, it does not appear in the record that when the plaintiff instituted and carried on proceedings before the municipal authorities of the city previous to the petitions of March 26th, 1936, it knew that the change in the zoning regulations was void because of a failure to give notice at least fifteen days before the hearing. As regards those petitions, they amounted to a request that the building inspector and the board of building commissioners hold void the action of the zoning commission in making the change. The board of building commissioners is given by the charter of the city the authority to issue building permits; 15 Special Laws, p. 505; but there is no provision in that charter, the General Statutes or the zoning regulations for an appeal from a ruling it makes either to the board of zoning appeals or to the courts; and any attempt to secure a judicial determination of the validity of the change in zoning through an application to the board of building commissioners would be wholly abortive. The zoning regulations do provide for an appeal from any order or decision of the building inspector to the board of zoning appeals, and as zoning regulations in Bridgeport were adopted under the provisions of Chapter 29 of the General Statutes and that chapter does provide an appeal from a board of zoning appeals to the courts, the plaintiff might ultimately have secured by process of appeal a judicial determination of the validity of the change in zoning in the same court to which it brought the action before us. In such proceedings it would be claiming a remedy in no way inconsistent with that it

seeks in this action, but the same remedy by a somewhat cumbersome and indirect process. On the other hand, there is something to be said from the standpoint of public policy in favor of the attempt which the plaintiff made to secure redress through the authorities of the city itself rather than by resort to litigation in the courts, until the latter course proved necessary. When its efforts to secure relief through the local authorities failed, it was entitled to abandon the proceedings before them and seek direct relief in the courts.

The trial court was in error in its conclusion that the plaintiff was not entitled to a judgment in this action because it had waived the right, or was estopped, to claim that the change in the regulations was void for want of notice of the hearing at least fifteen days before it was held. We do not need to consider the other claims of error assigned or the other conclusions of the court except as to one matter which will necessarily be involved in any further proceedings in the trial court.

The rules concerning declaratory judgments provide that such judgments shall not be rendered "unless all persons having an interest in the subject-matter of the complaint are parties to the action or have reasonable notice thereof." Practice Book, § 250. The trial court held that the plaintiff was not entitled to a declaratory judgment in this case because other property owners in the area affected by the change of zoning, although having an interest in the matter, were not parties to the action and did not have reasonable notice of it. There are many instances in which a party is entitled to relief at law, even though the proceedings he brings may result in the establishment of a rule which will directly affect the interests of others not parties to the action. To hold that all persons

whose rights might in this way be affected are necessary parties would often place an insuperable burden upon a plaintiff. *Reed* v. *Wing,* 168 Cal. 706, 708, 144 Pac. 964. One whose property rights are directly affected by a municipal ordinance or regulation which he claims to be void may bring an appropriate action for relief against the municipality and is not bound, as a condition of securing that relief, to make all other property owners whose rights may be affected parties to the proceedings; at least in so far as relief to the plaintiff is concerned, the municipality, made a party to the action, represents the residents and property owners within its boundaries. *State ex rel. Howard* v. *Hartford Street Ry. Co.,* 76 Conn. 174, 179, 56 Atl. 506; *Faulkner* v. *Keene,* supra, p. 153; and see *Dunham* v. *New Britain,* 55 Conn. 378, 11 Atl. 354; *Whitney* v. *New Haven,* 58 Conn. 450, 20 Atl. 666. The city of Bridgeport is a defendant in this action. Residents and property owners other than the plaintiff in the area affected by the change in zoning whose rights may be affected by a decision that it is void are not necessary parties, although no doubt they would be entitled to intervene if they sought to do so. *Kinne* v. *New Haven,* 32 Conn. 210, 215; *Nichols* v. *Ansonia,* 81 Conn. 229, 236, 70 Atl. 636.

The uniform declaratory judgment statute provides that "when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." Borchard, Declaratory Judgments, p. 626, § 11. Under that law the property owners in the area affected other than the plaintiff might be necessary parties. *Herbert C. Heller & Co.* v. *Hunt Forbes Construction Co.,* 222 Ky. 564, 565, 1 S. W. (2d) 970; *St. John's Baptist Society* v. *Ukrainian National Asso.,* 105 N. J. Eq. 69, 73, 146 Atl. 886. Persons whose rights would

be directly affected but who are not parties to the action either directly or through representation would not be estopped by the judgment rendered in it and consequently unless they were given at least an opportunity to be heard, dissatisfaction, unrest and further litigation might result. One of the broad purposes of the declaratory judgment law is to serve the peace and good order of the community by settling rights in such a way as to prevent litigation. Borchard, Op. Cit., p. 104. This is the justification for the provision concerning parties in the uniform declaratory judgment statute. *Denver* v. *Denver Land Co.*, 85 Colo. 198, 201, 274 Pac. 743; *Morton* v. *Pacific Construction Co.*, 36 Ariz. 97, 103, 283 Pac. 281.

In the absence of a requirement that all parties interested in the subject-matter should be made parties to the action, the reason still exists. In *Victoria* v. *Commonwealth*, 38 C. L. R. 399, 407, Higgins, J., speaking for the High Court of Australia, said: "If our decision happened to be adverse to the Commonwealth Act, the other States might have their financial arrangements seriously upset; and yet they would not be bound by that decision as they are not parties. This court might have to entertain a fresh action by some other State, seeking to induce this court to reconsider its pronounced decision. We could not dismiss the action for want of parties; but it is a case eminently suitable for the application of the power given in the subsequent part of that rule: 'The court . . . may, at any stage of the proceedings, . . . without the application of either party, . . . order . . . that the names of any persons who ought to have been joined, or whose presence before the court may be necessary in order to enable the court effectually and completely to adjudicate upon and settle all the questions involved in the cause . . . be added, either as

plaintiff or defendant.' This is the modern way for enforcing the sound principle that the court should make the performance of the judgment of the court perfectly safe for all concerned, and prevent the chance of further litigation."

As between such a provision as that in the uniform declaratory judgment statute we have quoted and the absence of any requirement that persons having a direct interest in the subject-matter of the action should be made parties, we have chosen the middle course. Under our rule all such persons even though their presence is not necessary to a decision of the issues between the parties of record are required either to be made parties or to have reasonable notice of the action. Where they are reasonably within the reach of process and are not so numerous that it would impose an unreasonable burden upon the plaintiff they should be made parties; but if they or some of them are not reasonably available for service or to summon them or all of them into the action would put upon the plaintiff a burden he ought not fairly to be asked to assume, the provision for reasonable notice applies. The plaintiff may often accomplish the purpose intended by making parties defendant some of the other persons affected as representing all and securing authority from the court for them to defend in behalf of all. General Statutes, § 5519. Unless all persons who are interested in the subject-matter complained of are made parties, the plaintiff should apply to the court for such an order of notice to all those interested as would constitute reasonable notice to them. In the action before us, property owners in the area affected other than the plaintiff were not made parties to the action nor was any notice of its pendency given them. The trial court was not in error in the conclusion that

under these circumstances the plaintiff was not entitled to a declaratory judgment.

The second case, by various changes in the pleadings after the action was instituted, finally was reduced to an appeal from an order of the board of zoning appeals. The plaintiff had applied to the building inspector of the city for a "certificate of occupancy" which the zoning regulations authorized the building inspector to issue, and also to the board of building commissioners for a permit to erect the proposed addition to its building. Each had denied the application made to it upon the sole ground that the proposed addition would result in a use of the property not conforming to the zoning regulations. The plaintiff then appealed to the board of zoning appeals from the denial of its application to the building inspector, without mentioning the denial of its application for a building permit made to the board of building commissioners. As we have pointed out, nowhere in the statutes, the charter of the city or the zoning regulations is there any provision for an appeal to the board of zoning appeals from the refusal of the board of building commissioners to issue a permit and no issue as to the propriety of their action in denying the plaintiff's application was or could be presented to the board of zoning appeals or to the court on appeal from it. The plaintiff does not claim that the proposed addition to its building was permitted by the zoning regulations and under such circumstances the building inspector could take no other course than refuse to issue a certificate of occupancy.

The plaintiff did, however, in its appeal to the board of zoning appeals incorporate a request to it to vary the application of the zoning regulations to permit the erection of the addition. The transcript of the proceedings before the board of zoning appeals, made

a part of the finding, discloses that this request was pressed upon the board. On the appeal before the Superior Court the propriety of its denial by the board and the validity of the action of the board with reference to it was the sole matter litigated. No contention is made that the proposed addition would not be one permitted under the zoning regulations if the attempted change in zoning is not valid. If it is finally held to be invalid, there will be no occasion to vary the application of the zoning regulations to permit the erection of the proposed addition. The present determination of this appeal would serve no purpose. It will therefore be continued upon our docket until the validity of the change in zoning is determined and until further action by the parties with reference to it.

In the case of the National Transportation Company, Inc. v. Frederick E. Toquet et als. (No. 1401) there is error and the cause is remanded to the Superior Court for further proceedings.

In the case of the National Transportation Company, Inc. v. George M. Coughlin et als. (No. 1400) the cause is continued upon our docket without present decision.

In this opinion the other judges concurred.