## HERMAN E. HUBBARD, ADMR.
(Estate of Roberta A. Fowler)
*vs.*
## MELISSA A. WOOSTER

Superior Court　　　New Haven County　　　File No. 58205

MEMORANDUM FILED APRIL 15, 1940.

*Beers & Beers*, of New Haven, *Alfred B. Aubrey*, of Meriden, for the Plaintiff.

*Chambers, Hesselmeyer & Grimes*, of New Haven, for the Defendant.

CORNELL, J.　Departing from the language of the complaint, it is, in substance, stated in the first count thereof, that on an unnamed date the plaintiff's decedent directed the officers of the Southington Savings Bank to add to her name on a book issued by that institution evidencing an account which she had there (then in excess of $26,000), the words, "and Melissa A. Wooster, payable to either or the survivor"; that thereafter the same person (the present plaintiff) who is now administrator on the decedent's estate, while she still lived, was named conservator on her estate; that thereupon, the Southington Savings Bank issued a new book, in substitution of the one bearing the writing above described, "made out in the name of the Estate of Roberta A. Fowler, Herman E. Hubbard, Conservator"; that Roberta A. Fowler thereafter deceased and the conservator was duly appointed and qualified as administrator on her estate.

The second count describes a similar state of facts as respects another savings account owned by the same person before her demise, in the Farmington Savings Bank, except that when the plaintiff was named conservator on her estate, the bank, instead

of issuing a new book, caused to be written on the original one after the name of Roberta A. Fowler, the words, "Herman E. Hubbard, Conservator." It appears from the record that Melissa A. Wooster survived Roberta A. Fowler, but during the pendency of this action has deceased; that she asserted certain rights as respects the funds evidenced by such books and a controversy now impends as to whether her estate is entitled to the same and if so, whether in whole or in part.

The demurrers filed to each of these counts in reality beg the question whether the complaint states such a cause or causes of action as furnish proper subjects for a declaratory judgment and so need not be discussed. The grounds of demurrer addressed to the prayers for relief mainly question the right to a declaratory judgment in view of the allegations contained in the complaint for the reason that it is asserted that "the plaintiff has an adequate and direct remedy for relief" other than a proceeding for a declaratory judgment. Stated broadly and in the abstract, this is an application of a theory that a party is not entitled to maintain an action for a declaratory judgment when there is at his disposal, another means of proceeding which will afford him a decisive remedy. Such a proposition nullifies the declared purposes of the statute as explained in *Braman vs. Babcock*, 98 Conn. 549, 553; *Sigal vs. Wise*, 114 id. 297, 301; and *National Transportation Co., Inc. vs. Toquet*, 123 Conn. 468, 483; and is repudiated by the policy of the court in entertaining actions for declaratory judgments in instances where relief might have been sought by the institution of suits of conventional character, e.g., *West Haven Bank & Trust Co. vs. McCoy*, 117 Conn. 489, 496; *Lloyd vs. Weir*, 116 Conn. 201, 204.

Paragraph 6 of the demurrer to the prayers for relief asserts that there is a non-joinder in that "it does not appear that all persons having an interest in the subject-matter are parties hereto or have notice hereof." The validity of the proposition thus stated is unquestionable. *National Transportation Co., Inc. vs. Toquet, supra*, 482, 483. The "subject-matter" in the current instance is the question whether the administrator on the estate of Melissa A. Wooster, or the administrator on the estate of Roberta A. Fowler, is entitled to the accounts described or either of them. It thus impends between persons laying claim to the chose as against each other in contra-distinction to a situation where it might exist as between either or

both of them and the bank. In the settlement of that contro-versy, the banks in which these accounts exist are obviously not necessary parties, though they would be quite proper ones.

Demurrers are overruled on all grounds.