[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
In this case, the plaintiff, the Connecticut Insurance Guaranty Association ("CIGA"), has sued the defendants, Rose Yocum ("Yocum"), Katy Industries Inc. ("Katy"), Wallace International Silversmiths, Inc. ("Wallace International") and the Connecticut Second Injury Fund, to obtain a declaratory judgment: (1) that CIGA, a non-profit, unincorporated legal entity created and existing under General Statutes § 38a-836 et seq. (the "CIGA ACT") to pay "covered claims" arising under insurance policies issued by insurers later determined to be insolvent, is not obligated to pay Yocum's pending claim for workers' CT Page 4578 compensation benefits under any insurance policy issued to Katy or Wallace International, her former employers, by their now-insolvent insurer, American Mutual Liability Insurance Company ("American Mutual"); (2) that CIGA is similarly not obligate to pay Katy or Wallace International on account of Yocum's claim; and (3) that the Connecticut Workers' Compensation Commission ("WCC"), before which Yocum's claim for benefits is presently pending, does not have subject-matter jurisdiction to interpret and apply the CIGA Act. According to the plaintiff's Amended Complaint dated January 5, 1995, the instant controversy arises from the following facts.
Defendant Yocum is a resident of Wallingford, Connecticut, who, from 1958 through 1963, was employed at various times by defendants Katy and Wallace International. In a claim now pending before the WCC, Yocum alleges that she suffers from mesothelioma as a result of her exposure to asbestos while working for Katy and/or Wallace International.
While Yocum was employed by Katy and Wallace International, both employers maintained workers' compensation insurance under one or more policies issued by American Mutual. On March 9, 1989, however, American Mutual was determined to be insolvent by a court of competent jurisdiction.
Under the CIGA Act, CIGA is obligated to pay any "covered claim" arising under a policy of insurance issued by an insurer later determined to be insolvent if the claim is filed with it, or is made the subject of a notice to the receiver or liquidator of the insolvent insurer, within two years from the date of the declaration of insolvency. Conn. Gen. Stat. §§ 38a-841(1)(a)(ii)(B); 38a-842(d)(3). Therefore, claims CIGA, once American Mutual was declared to be insolvent, it became obligated to pay any covered claim arising under an American Mutual policy which would either be filed with it directly, or be made the subject of a notice to the receiver of American Mutual, on or before March 9, 1991.
By March 10, 1991, neither Yocum nor Katy nor Wallace International had filed with CIGA or given notice to the receiver of American Mutual of any claim for benefits under CT Page 4579 any workers' compensation insurance policy issued to Katy or Wallace International by American Mutual. Therefore, claims CIGA, it is not now obligated to pay Yocum's pending claim or to reimburse Katy or Wallace International for any expenses they may have incurred or payments they may be required to make on account of that claim.
Defendant Yocum has moved this Court to dismiss this action on the ground that the Court lacks subject-matter jurisdiction to entertain it because the plaintiff has failed either to make parties to the action, or otherwise to give notice of the pendency thereof, to all persons whose interests may potentially be affected thereby. Insisting, in particular, that notice of the action should have been given to all persons who worked at Katy and/or Wallace International when their workers' compensation insurance was carried by American Mutual, Yocum asks either that the action be dismissed for lack of subject-matter jurisdiction or that CIGA be ordered to give immediate notice of the action to the class of persons she has identified.
In support of this motion, defendant Yocum has duly filed a memorandum of law. Plaintiff CIGA, for its part, has joined issue on the motion by filing its own opposing memorandum.
 I
A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer,218 Conn. 531, 544 (1991). "The motion to dismiss . . . `admits all facts which are well pleaded, invokes the existing record and must be decided on that alone.'" Bardev. Board of Trustees, 207 Conn. 59, 62 (1988) (quoting fromPerrys, Inc. v. Waterbury Redevelopment Agency, 157 Conn. 122,124 (1968). When an asserted lack of jurisdiction is brought to the court's attention, "cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano and Organ Co.v. Blake, 186 Conn. 295, 297 (1982). "`When a [trial] court decides a jurisdictional question raised by a CT Page 4580 pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light.Reynolds v. Soffer, 183 Conn. 67, 68 (1981)." Antinerellav. Rioux, 229 Conn. 479 (1994).
 II
"A declaratory judgment action is a special proceeding under General Statutes § 52-29 that is implemented by §§ 389 and 390 of the Practice Book." Rhodes v. Hartford,201 Conn. 89, 92 (1986). "The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." Connecticut Association of Health CareFacilities, Inc. v. Worrell, 199 Conn. 609, 613 (1986).
Practice Book § 390 sets forth the requirements under which a court will render a declaratory judgment. In particular, Section 390(d) provides in relevant part, that "the court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint . . . have reasonable notice thereof." "[F]ailure to comply with § 390(d) deprives the trial court of subject matter jurisdiction to render a declaratory judgment." Serrani v.Board of Ethics, 225 Conn. 305, 308 (1993), citingConnecticut Ins. Guaranty Assn. (CIGA) v. RaymarkCorporation, 215 Conn. 224, 229 (1990).
"A motion to dismiss is the proper vehicle by which to raise the failure to give notice to all interested parties pursuant to Practice Book 390(d)." Pinnix v. LaMorte,182 Conn. 342, 343-44 (1980). "Once there has been compliance with 390(d), . . . [however,] . . . the trial court will have plenary authority to render whatever judgment it then deems appropriate." Serrani v. Board of Ethics, supra,
310.
 III
In arguing that the plaintiff has failed to comply with the requirements of Practice Book § 390(d), defendant Yocum places great reliance on the Connecticut Supreme Court's decision in CIGA v. Raymark Corporation, 215 Conn. 224
CT Page 4581 (1990). There, in reviewing the decision of the trial court in another declaratory judgment action by plaintiff CIGA which closely parallels the instant action, the Supreme Court ruled that the trial court lacked subject-matter jurisdiction because CIGA failed to join in the action or otherwise give notice thereof to all persons who were interested therein.
At issue in Raymark was the extent of CIGA's obligation to pay "covered claims" under certain insurance policies issued to the named defendant and two of its affiliates by an insolvent insurer. Among the questions raised by the plaintiff were several which directly affected the interests of potential claimants under the insolvent insurer's policies, including: (1) the statutory limits, if any, under General Statutes § 38-278, on the amount a potential claimant can recover against CIGA on his claim; (2) the obligation, if any, of a potential claimant to exhaust his claims against solvent insurers before pursuing any claim against CIGA under an insolvent insurer's policy; and (3) the degree, if any, to which the amount of any covered claim should be reduced by amounts which the claimant received or was eligible to receive from other sources, including medical insurance, workers' compensation and solvent insurers. Raymark, supra, 226-27.
Notwithstanding its focus on issues affecting the interests of potential claimants against defendant Raymark, its affiliates and their insurers, plaintiff CIGA's lawsuit included no party who shared or could meaningfully represent those interests. Id., 228. So noting,[1] theRaymark Court
 conclude[d] that the trial court erred in rendering a declaratory judgment . . . before some representative of the interests of those having personal injury claims against Raymark, and thus having an interest in the [insolvent insurer's] policies insuring its liability, had been joined in this action or notified of its pendency.
Id., 230. The Court then noted that CT Page 4582
 [a]lthough these claimants are undoubtedly too numerous for all of them to be made parties, our statutes and rules of practice provide for allowing some defendants to represent others having similar interests. General Statutes §§ 52-105, 52-107; Practice Book §§ 87 through 90.
 The plaintiff should have joined some of the claimants or persons authorized to represent them, as defendants and should have obtained authority from the court for these defendants to represent the class of claimants. As an alternative, the plaintiffs should have obtained an order of notice for the purpose of informing the claimants of the pendency of this action. See National Transportation Co. v. Toquet, 123 Conn. 468, 484, 196 A. 344 (1937).
 The conclusion we have reached that the court lacked subject matter jurisdiction to render its declaratory judgment does not require that the action be dismissed upon remand, because the jurisdictional defect can be cured by further proceedings in the that court. We must, however, set aside the judgment in view of the lack of jurisdiction.
Id.
Under Raymark, defendant Yocum insists that plaintiff CIGA must either join in this action or give notice thereof to all persons who may one day bring claims against CIGA under workers' compensation insurance policies issued by American Mutual to defendants Katy and/or Wallace International for injuries similar to her own, or suffer the dismissal of this action for lack of subject-matter jurisdiction. The plaintiff opposes this argument, contending: first, that the issues involved herein affect CT Page 4583 only defendant Yocum; and second, that that in any event, Yocum more than adequately represents the interests of all persons who may potentially be affected by the court's decision herein. For the following reasons, the Court agrees with CIGA, and thereby concludes that Yocum's motion to dismiss must be denied.
 A.
The issues involved in this case are strictly limited, in their substantive effect, to defendant Yocum. Plaintiff CIGA's contention that Yocum's claim against it was not filed within two years of the date of American Mutual's insolvency involves a simple factual inquiry under a clear statutory standard: when and with whom did the defendant file her claim for relief. The resolution of this claim will break no new legal ground whatsoever. It will certainly not decide an issue whose determination will affect the substantive rights of other persons who may one day pursue independent claims against CIGA. It therefore does not require the addition of new defendants to this action, or the notification of additional persons of the pendency of the action.
Similarly, the plaintiff's argument that the WCC lacks subject-matter jurisdiction to interpret and apply the CIGA Act is merely a procedural claim that any substantive interpretation or application of the Act must be made by a court. It is not a substantive claim that any provision of the Act should be given a particular legal interpretation. If the plaintiff prevails on this portion of its action, no future claimant's substantive rights or remedies will be affected. Instead, in that event, any future claim as to the nature and extent of a party's rights or remedies under the CIGA Act would simply be rerouted from the WCC to this Court, which would resolve the claim on its merits in due course. The Court must therefore conclude that here, unlike in Raymark, other potential claimants against CIGA under the insolvent insurer's policies have no legally cognizable interest which requires that they be joined in or receive notice of this action under CPB § 390(d).
 B
Even, however, if it were somehow determined that the CT Page 4584 issues here presented involve questions whose resolution may materially affect the interests of others who may one day bring claims like defendant Yocum's against plaintiff CIGA, it is clear beyond question that no such potential claimant need be added to or given notice of this case, because defendant Yocum fully and fairly represents their common interests herein. Yocum, like the other potential claimants whose absence from this lawsuit she decries, is a former employee of defendants Katy and Wallace International. She, like them, claims to have suffered injuries while working for the defendant employers. And, to the extent that such other potential claimants did not file their claims against CIGA before March 10, 1991, they all have failed to file for relief within two years of the date on which their employers' workers' compensation insurer was determined to be insolvent.
Therefore, in the absence of any indication that defendant Yocum's claim is materially different from that which any other former Katy or Wallace International employee may one day file, she is an ideal representative of the class of persons whose interests may in some way be affected by the resolution of this case. That being so, the addition of other partiers hereto is entirely unnecessary.
Conclusion
The motion to dismiss of defendant Yocum is hereby denied.
Michael R. Sheldon Judge