[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, by writ summons and complaint, dated July 28, 1993, commenced this action in six counts: Count one alleges breach of contract and statutory violation on behalf of the Estate of CT Page 1431-WWW Anthony R. DeMarinis, Jr.; Count two sounds in CUTPA on behalf of the estate of Anthony R. DeMarinis, Jr.; Count three alleges violation of CUIPA on behalf of the estate of Anthony R. DeMarinis, Jr., Counts four, five and six respectively allege breach of contract, CUTPA violations and CUIPA violations on behalf of June P. DeMarinis.
By answer and counter claim, dated December 22, 1993, the defendant raised three special defenses: first special defense claims contributory negligence on the part of Anthony R. DeMarinis, Jr., second special defense alleges the plaintiffs are not entitled to uninsured motorist benefits and the third special defense claims that the total amount of the insurance policy offsets in its entirety the total limits of coverage.
The defendants counterclaim for a declaratory judgment is dismissed for failure of the defendant to make parties of or give sufficient notice to all those persons who have an interest in the matters about which a declaratory judgment is sought.
"The court will not render declaratory judgments upon the complaint of any person: . . .(d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Practice Book Sec. 390(d). The record fails to indicate compliance by the defendant with such notice requirement. The defendant is required to apply to the superior court for an order of notice to all interested parties which, here, would be to those persons having insurance coverage similar to that involved in this case. Appropriate notice would seem to be by publication. See Mannweiler v. LaFlamme,232 Conn. 27 (1995); National Transportation Co., Inc. v. Toguet,123 Conn. 468, 470. Although this court will not entertain the defendants counterclaim for a declaratory judgment, there are sufficient undisputed facts for the court to rule on the liability of the defendant as between the parties to this action.
By way of agreement and stipulation of the parties the following are accepted as factual:
1. The limits of liability under all bodily injury liability insurance policies applicable at the time of the accident have been exhausted by payments of settlements.
2. Because the automobile accident which give rise to this action occurred on May 26, 1992, prior to the effective date of the CT Page 1431-XXX Automobile Insurance Reform Act (P.A. 93-297), none of the provisions of such act apply to the plaintiff's claims.
3. The applicable pleading are as follows:
a. The plaintiff's complaint dated July 28, 1993.
 b. Defendant USAA Casualty Insurance Company's answer and counterclaim, dated December 22, 1993.
c. Amendment to counterclaim, dated June 20, 1995.
On January 17, 1995, the defendant served the plaintiff with requests for admissions. Because the plaintiff did not answer or object to any of the requests, pursuant to Secs. 239 and 240 of the Conn. Practice Book, the following facts are deemed to have been conclusively established.
1. The plaintiff, June P. DeMarinis, is the surviving spouse' of Anthony R. DeMarinis, Jr., and appears in this action individually and in her capacity as administratrix of the estate of Anthony R. DeMarinis, Jr., deceased.
2. The defendant, USAA Casualty and Surety Company, is an insurance company duly authorized to do business in the state of Connecticut with a principal place of business in San Antonio, Texas.
3. Prior to May 27, 1992, the defendant issued an automobile liability policy to Anthony Demarinis, Jr., policy number 24264006, covering the policy period from May 5, 1992 to November, 1992. Said policy was in effect on May 28, 1992 and at that time covered three vehicles; a 1980 Datsun 280ZA, a 1980 Suzuki motorcycle and a 1988 Plymouth Voyager.
4. The pleadings contained a true and accurate copy of the defendant's policy in effect on May 28, 1992.
5. The pleadings contained a true and accurate copy of the forms and endorsements and the approval of same by the Connecticut Insurance Department and used in the automobile liability policy attached to the pleadings.
6. On May 26, 1992, at approximately 1:05 P.M., Anthony R. DeMarinis, Jr. was operating his 1980 Suzuki motorcycle owned by CT Page 1431-YYY him and insured by USAA under the existing insurance policy.
7. On said date and time, the DeMarinis motorcycle collided with a motor vehicle owned by Donald F. Scarfo and operated, with his permission, by Natalie Scarfo. As a result of said collision, Anthony R. DeMarinis, Jr., received injuries which resulted in his death on May 28, 1992.
8. The plaintiff in this action made the following claims against Donald F. Scarfo and Natalie Scarfo: the claim of June P. DeMarinis in her capacity as administratrix of the Estate of Anthony R. DeMarinis, Jr., for damages for wrongful death pursuant to Conn. General Statutes Sec. 52-555 and a claim on behalf of June P. DeMarinis, individually, for loss of consortium.
9. At the time of the May 26, 1992, accident, the Scarfo vehicle was covered by an automobile liability insurance policy issued by the Royal Insurance Company. The sum of the limits of the bodily injury liability coverage under this policy applicable at the time of said accident was $300,000.
10. The pleadings contain a true and accurate copy of the declarations page to the Royal Insurance policy number RDA NA2592, issued to Donald F. Scarfo, with effective dates of December 21, 1991 to June 28, 1992.
11. On November 20, 1992, the plaintiffs through their counsel requested permission to settle their claims with Royal Insurance Company for the entire proceeds of its liability insurance policy with the proposed disposition, as follows: two-thirds (or $200,000)[1] to June DeMarinis in her capacity as administratrix of the estate of Anthony DeMarinis, Jr. in settlement of a claim for wrongful death pursuant to Sec 52-555; and one-third ($100,000) to June DeMarinis, individually, in settlement of her claim for loss of consortium.
12. On November 24, 1992, the defendant gave its permission to the plaintiff.
13. On or about December 10, 1992, the plaintiffs settled their claim with Royal Insurance Co., and accepted the policy limits of $300,000 which was distributed in accordance with paragraph 11 above.
14. On December 14, 1992, the defendant advised the plaintiffs CT Page 1431-ZZZ that the plaintiffs were not entitled to under insured benefits under the defendants' policy because the plaintiff's claim for loss of consortium is derivative and is encompassed by the per person limitation as it is a loss sustained because of bodily injury to one person caused by one occurrence. (Here the defendant relies on Izzo v. Colonial Penn Insurance Co., 203 Conn. 305).
15. On December 30, 1992, the plaintiff requested that the defendant reconsider its decision enunciated in paragraph 14, above.
16. On February 23, 1992, the defendant reiterated its position and advised the plaintiffs that it would not alter its prior decision, namely that there were no under insured benefits available to the plaintiff.
Although, the court has dismissed the declaratory judgment counterclaim for want of service or reasonable notice to all interested parties, it is not precluded from determining the rights of the parties to this action. The court has the power and the duty to construe the applicable statutes involved in this case and guided by said statutes as construed resolve the issues raised herein.
The controlling statutes follow:
Sec. 52-555a. Actions for loss of consortium re death ofspouse independent for determination of damages.
Any action or cause of action for loss of consortium by one spouse with respect to the death of the other spouse shall be separate from and independent of all claims or causes of actions for the determination of damages with respect to such death.
Sec. 52-555b. Actions for loss of consortium re death ofspouse to be joined with all actions re death of spouse.
Any claim or cause of action for loss of consortium by one spouse with respect to the death of the other spouse, which claim or cause of action may include. without limitation claims for damages with respect to loss of the society of affection of, moral support provided by, services provided by, sexual relations with or companionship of the other spouse, suffered because of the death of the other spouse, shall be brought with or joined with the claims and causes of action with respect to the death of the other spouse. CT Page 1431-AAAA
In Ladd v. Douglas Trucking Co., 203 Conn. 187 (1987), the injured spouse suffered severe injuries in a car accident resulting in his death ten days later. His surviving wife sought loss of consortium for the ten days (antemortem) as well as for her loss of consortium after his death (postmortem). With regard to the antemortem consortium claim, the spouse was permitted recovery, however with regard to the postmortem claim, recovery was denied. The court reasoned that wrongful death actions did not exist at common law and when enacted "The focus under our wrongful death statute is upon the value of the decedents' life from his view point . . . not from that of his family . . . in permitting the estate to recover the values to the decedent of his non pecuniary as well as pecuniary services to others, the beneficiaries of the estate do receive compensation for the loss of those services, although the measure of their value is their worth to the decedent. Whether the vantage point from measuring these losses should be shifted from the decedent, who can never actually experience them, to the family members on who them are in fact imposed, . . . is a question for the legislature to resolve. Ladd, supra 1305-1306.
We agree with the assertion by the defendant that Conn. General Statutes Secs. 52-555a to 52-555d were enacted as supplement to the wrongful death statute by the Connecticut Legislature, in 1989, for the sole purpose of recognizing a postmortem claim for loss of consortium that did not exist previously in Connecticut and that the statutory scheme did not purport to change the nature of the claim for loss of consortium which had always been recognized as a separate but derivative of a bodily injury sustained by the injured spouse.
This court expressly construes Sec. 52-555a to 52-555d to extend the existing antemortem right to recover from loss of consortium so that it survives the death of the injured spouse and becomes provable and recoverable by the surviving spouse as an expansion of the scope of the wrongful death statutes.
The nature of the loss of consortium action remains the same; the affect of Secs. 52-555a to 52-555d is to recognize an existing cause of action as applicable before and after the death of a spouse. The loss of consortium recovery is still dependent upon and derivative of a bodily injury to the injured spouse and is recoverable during the lifetime of the injured spouse and, since the passage of Secs. 52-555a to 52-555d, after the death of the spouse if caused by that same injury. CT Page 1431-BBBB
The courts construction of Secs. 52-555a to 52-555d is dispositive of all counts of the plaintiffs' claim. The defendant was under no contractual or statutory obligation to reimburse the plaintiffs for uninsured benefits under its policy with the deceased as the recovery is governed by the per person limitation because it was a loss sustained because bodily injury to one person caused by one occurrence.
The court also finds that the defendant has not violated either the Connecticut Unfair Trade Practices Act or the Connecticut Unfair Insurance Practices Act. The actions of the defendant were a reasonable response to the claims of the plaintiff and did not rise to unfair trade practices.
In summation, because of failure to serve or give reasonable notice the defendants counterclaim is dismissed and judgment may enter for the plaintiff on the defendants' counterclaim.
Because the court found no change in the nature of a loss of consortium claim but only that it is applicable postmortemly, judgment may enter for the defendant on all six counts of the plaintiffs' complaint, with costs.
SPALLONE STATE TRIAL REFEREE